# UNITED STATES DISTRICT COURT
## OF THE
## DISTRICT OF COLUMBIA

**ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC**   )
1717 Pennsylvania Avenue NW   )
Suite 1025   )
Washington, DC 20006,   )
                                          *Plaintiff,*   )
                                             )
v.                                           )   Case No.
                                             )
**MALLIOS REALTY, LLC**   )
7517 Hackamore Drive   )
Potomac, Maryland 20854-3818,   )
                                             )
**PETER MALLIOS**   )
7517 Hackamore Drive   )
Potomac, Maryland 20854-3818,   )
                                             )
**CHAMPLAIN ASSOCIATES, LLC**   )
7517 Hackamore Drive   )
Potomac, Maryland 20854   )
                                             )
**501 SCHOOL ASSOCIATES LLP**   )
8 Ocean East   )
Marathon, Florida 33050,   )
                                             )
**2318 18th STREET LLC**   )
7517 Hackamore Drive   )
Potomac, Maryland 20854-3818   )
                                             )
**MALLIOS PROPERTIES LLC**   )
7910 Woodmont Avenue   )
Suite 1155   )
Bethesda, Maryland 20814-7065,   )
                                             )
**DREAMS 2 LIMITED LIABILITY COMPANY**   )
1529 17th Street NW   )
Washington, DC 20036,   )
                                             )
**FARAH JAOHARI**   )
3434 Diehi Court   )
Falls Church, Virginia 22041,   )

**UPNSMOKE IV, LLC**                                          )
3289 M Street NW                                             )
Washington, DC 20007,                                       )
                                                            )
**MASTERMINDS 303 LLC**                                      )
**t/a UPNSMOKE**                                             )
2503 Champlain Street NW                                     )
Washington, DC 20009,                                       )
                                                            )
**HUSSEIN DIB**                                              )
4213 Granby Road                                            )
Woodbridge, Virginia 22193,                                 )
                                                            )
**REACH FOR THE SKY, INC.**                                  )
**t/a GEORGETOWN SMOKE SHOP**                                )
1015 31st Street NW                                          )
Washington, DC 20007,                                       )
                                                            )
**NIOBIUM LLC**                                              )
1627 K Street NW                                            )
Suite 710                                                   )
Washington, DC 20006,                                       )
                                                            )
**THOMAS G. TSIANAKAS**                                      )
**IOANNA STAGIA-TSIANAKAS**                                  )
12637 High Meadow Road                                      )
North Potomac, Maryland 20878-3796,                         )
                                                            )
**AKSOM LLC t/a DISTRICT TOBACCO**                           )
**DISTRICT TOBACCO INC.**                                    )
900 M Street NW                                             )
Washington, DC 20001                                       )
                                                            )
**AHMAD GHOUSE LOYNAB**                                      )
16316 Sandy Ridge Court                                     )
Woodbridge, Virginia 22919                                  )
                                                            )
**BENEMAX LLC**                                              )
1921 Florida Avenue NW                                      )
Washington, DC 20009                                       )
                                                            )
**CHARLES RUSSELL PROPERTIES LLC**                           )
9019 Fort Craig Drive                                      )
Burke, Virginia 22015-2115,                                 )
                                                            )

**SAFEE LLC t/a VAPE TOWN**                    )
15526 Kelley Farm Court                        )
Woodbridge, Virginia 22193,                    )
                                               )
**FUNKYPIECE GEORGETOWN CORP.**                )
2801 M Street NW, Basement                     )
Washington, DC 20007,                          )
                                               )
**23 BOND – 2801 M STREET OWNER LLC**          )
31731 Northwestern Highway, Suite 250W         )
Farmington Hills, Michigan 48334-1668,         )
                                               )
**FUNKYPIECE CO.**                             )
2116 18th Street NW                            )
Washington, DC 20009,                          )
                                               )
**STEPHEN MAGED TRUSTEE**                      )
11700 Glen Court                               )
Potomac, Maryland 20854,                       )
                                               )
**MATTHEW BEBAWY**                             )
5233 Connecticut Avenue NW,  Apt 301           )
Washington, DC 20015,                          )
                                               )
                             *Defendants.*     )

## COMPLAINT

Plaintiff Alliance of Legal Cannabis Entities-DC, LLC ("ALCE" or "Plaintiff") brings

this action against Defendants Mallios Realty, LLC ("Mallios Realty"), Peter Mallios

("Mallios"), Champlain Associates LLC ("2503 Champlain Property Owner"), 501 School

Associates LLP ("3289 M  Property Owner"), 2318 18th Street LLC ("2318 18th Property

Owner),  Mallios Properties LLC ("1529 17th Property Owner"), Dreams 2 Limited Liability

Company ("Dreams DuPont Circle Dispensary"), Farah Jaohari ("Jaohari"),  UpNSmoke IV,

LLC ("UpNSmoke Georgetown Dispensary"), Masterminds 303 LLC  t/a  UpNSmoke

("UpNSmoke Adams Morgan Dispensary"), Hussein Dib ("Dib"), Reach For The Sky, Inc. t/a

Georgetown Smoke Shop ("Waterfront Georgetown Dispensary"), Niobium LLC ("1015 31st

3

Property Owner"), Thomas G. Tsianakas, and Ioanna Stagia-Tsianakas ("2001 14th Property Owner"), Aksom LLC t/a District Tobacco ("District Georgetown Dispensary" and District Downtown Dispensary"), District Tobacco Inc. ("Other District Tobacco"), Ahmad Ghouse Loynab ("Loynab"), Benemax LLC ("3236 Prospect Property Owner"), Charles Russell Properties LLC ("900 M Street Property Owner"), Safee LLC t/a Vape Town ("Vape Georgetown Dispensary"), FunkyPiece Georgetown Corp. ("Funky Georgetown Dispensary"), 23 Bond – 2801 M Street Owner LLC ("2801 M Property Owner"), FunkyPiece Co. ("Funky Adams Morgan Dispensary"), Stephen Maged Trustee ("2116 18th Property Owner"), and Matthew Bebawy ("Bebawy") to recover for damages caused by the negligence, gross negligence, false advertising, and unfair competition of Defendants to allow illegal cannabis dispensaries to operate in the District of Columbia, promoting the sale of illegal cannabis in DC, and violating the provisions of the Lanham Act, 15 U.S.C. §1125(a), common law in the District of Columbia, against false advertising and unfair competition, and conspiracy to violate the Lanham Act, and breach the duty of care owed the legal cannabis licensees in the District of Columbia.  In support of this Complaint, Plaintiff states the following:

## PARTIES

1.      Plaintiff Alliance of Legal Cannabis Entities-DC, LLC ("ALCE") is an alliance representing the legal cannabis market in the District of Columbia.  Membership in ALCE is open to all legal cannabis entities in the District of Columbia who had been or are operating under cannabis licenses issued by the District of Columbia's Alcohol Beverage and Cannabis Administration ("ABCA") or its predecessor agency, the District of Columbia's Department of Health ("DOH"), to cultivate cannabis flower (in a variety of strains, both THC and CBD, and Hemp) in the District of Columbia ("cultivators"), to manufacture various cannabis products in

4

the District of Columbia using cannabis flower cultivated in the District of Columbia, *e.g.* pre-rolls, cartridges, concentrates, vapes, edibles, etc. ("manufacturers"), and/or to sell to the public, in accordance with the regulatory rules and regulations of ABCA, the legal cannabis flower and other cannabis products cultivated and manufactured in the District of Columbia ("retailers" or "dispensaries"). This legal cannabis market has been damaged by the unlicensed and illegal cannabis dispensaries, the property owners who provided the commercial space for them to operate, and other participants materially contributing to the illegal cannabis market in the District of Columbia. The legal licensees (cultivators, manufacturers, and dispensaries) bearing the brunt of the damage to the legal cannabis market here are the oldest licensees, that group of 15 licensees who received their licenses before January 1, 2024, and were operating for 3 or more years before that.  However, new cannabis licenses are now being issued by ABCA and these new licensees are also being damaged by the illegal cannabis market.  ALCE is open to both original and new licensees.

2.     ALCE is an LLC organized in the District of Columbia with its principal place of business at 1717 Pennsylvania Avenue NW, Suite 1025, Washington, DC 20006.  All members of ALCE were licensed by ABCA (or DOH and subsequently renewed by ABCA) to cultivate/manufacture cannabis flower and other cannabis products in the District of Columbia, and/or to sell such legal cannabis at retail in the District of Columbia.  Two such licensees, DC Holistic Wellness Group LLC (with its principal place of business at 4721 Sheriff Road NE, Washington, DC 20019) and Herbal Alternatives II LLC (with its principal place of business at 1710 Rhode Island Avenue NW, Washington, DC 20036), both LLCs organized in the District of Columbia, are the organizing members of ALCE.  Other licensees who have or had

cultivation/manufacturing licenses and/or cannabis retailer licenses have joined ALCE.  ALCE also remains open for all cannabis licensees to become ALCE members at any time.

3.      Defendant Mallios Realty LLC ("Mallios Realty") is a real estate broker and property management firm that arranged the purchase and manages commercial properties in the District of Columbia for the specific purpose of leasing such properties to illegal cannabis dispensaries. Mallios Realty is the managing partner or member of three other defendants here.  Mallios Realty is an LLC organized in the District of Columbia with its principal place of business at 7517 Hackamore Drive, Potomac, Maryland 20854.

4.      Defendant Peter Mallios ("Mallios") is the sole owner of Mallios Realty and he controls and directs its operations, is its de factor owner, and he acts as a broker, leasing agent and managing member of various real estate investment entities.  Peter Mallios is a resident of Maryland with his primary residence at 7517 Hackamore Drive, Potomac, Maryland 20854.

5.      Defendant Champlain Associates LLC ("2503 Champlain Property Owner") is the owner of  commercial property located at 2503 Champlain Street NW, Washington, DC 20009.  The 2503 Champlain Property Owner is an LLC organized in the District of Columbia with its principal place of business at 7517 Hackamore Drive, Potomac, Maryland 20854.

6.      Defendant 501 School Associates LLP ("3289 M Property Owner") is the owner of four retail  condominium units comprising 8300 sf of mixed use commercial space at 3277-3289 M Street NW, Washington, DC 20007.  The 3289 M Property Owner is a Limited Liability Partnership organized in the District of Columbia whose place of business was until very recently at 7517 Hackamore Drive, Potomac, Maryland 20854 (the same as multiple other defendants in this case) but is now listed as 8 Ocean East, Marathon, Florida 33050.

7.      Defendant 2318 18th Street LLC ("2318 18th Property Owner") is the owner of the commercial property comprising approximately 5,000 sf of commercial space at 2318 18th Street NW, Washington, DC  20009.  The 2318 18th Property Owner is an LLC organized in the District of Columbia with its principal place of business at 7517 Hackamore Drive, Potomac, Maryland 20854.

8.      Defendant Mallios Properties LLC ("1529 17th Property Owner") is the owner of the multiple building restaurant and commercial space complex at the intersection of Q and 17th Streets NW with the legal address of 1537 17th Street NW, Washington, DC 20036 (which includes the commercial property at 1529 17th Street NW, Washington, DC 20036).  The 1529 17th Property Owner is an LLC organized in the District of Columbia with its business address listed at 7910 Woodmont Avenue, Bethesda, Maryland, Suite 1155, Bethesda, Maryland 20814-7065.

9.      Defendant Dreams 2 Limited Liability Company ("Dreams DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary known as "Dreams Smoke Shop" in the commercial space at 1529 17th Street NW, Washington, DC 20036. The Dreams DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1529 17th Street NW, Washington, DC 20036.

10.     Defendant Farah Jahoari ("Jahoari") is the sole owner of another defendant, the Dreams DuPont Dispensary, and she controls and directs its operations. Ms. Jahoari is a resident of the Commonwealth of Virginia and resides at 3434 Diehi Court, Falls Church, Virginia 22041. Defendant Jahoari is included as a defendant here based on Plaintiff's request to pierce the corporate veil between Defendant Dreams DuPont Dispensary and Defendant Jahoari.

11.     Defendant UpNSmoke IV, LLC ("UpNSmoke Georgetown Dispensary") operates an unlicensed and illegal cannabis dispensary that leases commercial space at 3289 M Street NW, Washington, DC 20007.  It has applied for a cannabis retailer license from ABCA but apparently has not been issued one at the time of filing this Complaint, and in any event the issuance of a prospective license will not absolve it of liability for the past damage done to the legal cannabis market in DC and ALCE. The UpNSmoke Georgetown Dispensary is an LLC organized in the District of Columbia with its principal place of business at 3289 M Street NW, Washington, DC 20007.

12.     Defendant Masterminds 303 LLC  t/a UpNSmoke ("UpNSmoke Adams Morgan Dispensary") has operated as an unlicensed and illegal cannabis dispensary since at least April 5, 2022 at the same location.  The UpNSmoke Adams Morgan Dispensary is an LLC organized in the District of Columbia with its principal place of business is at 2503 Champlain Street NW, Washington, DC 20009.

13.     Defendant Hussein Dib ("Dib") is the owner of two other defendants, the UpNSmoke Georgetown Dispensary and the UpNSmoke Adams Morgan Dispensary and he controls and directs their operations. Mr. Dibs is a resident of the Commonwealth of Virginia and resides at 3289 Granby Road, Woodbridge, Virginia 22193.  Defendant Dib is included as a defendant here based on Plaintiff's request to pierce the corporate veil between the Defendants UpNSmoke Georgetown Dispensary and UpNSmoke Adams Morgan Dispensary and Defendant Dib.

14.     Defendant Reach For The Sky, Inc. t/a Georgetown Smoke Shop ("Waterfront Georgetown Dispensary") operated an unlicensed and illegal cannabis dispensary at 1015 31st Street NW, Washington, DC 20007.  The Waterfront Georgetown Dispensary is a Delaware corporation with its Resident Agent in Delaware listed as Delaware Registered Agents &

Incorporators, LLC, 19 Kris Court, Newark, DE 19702, and it is also registered to do business in the District of Columbia with its place of business listed at 1015 31st Street NW, Washington, DC 20007. This is the same address used for the Waterfront Georgetown Dispensary's Resident Agent (and owner), Sylivean Aqrawi; however, Mr. Aqrawi is a resident of the District of Columbia and resides at 3825 Porter Street NW, Washington, DC 20016.

15.     Defendant Niobium LLC ("1015 31st Property Owner") is the owner of the commercial property located at 1015 31st Street NW, Washington, DC 20007. The 1015 31st Property Owner is an LLC formed in the District of Columbia with its principal place of business at 1627 K Street NW, Suite 710, Washington, DC 20006.

16.     Defendants Thomas G. Tsianakas and Ioanna Stagia-Tsianakas ("2001 14th Property Owner") are the owners of the commercial property located at 2001 14th Street NW, Washington, DC 20009, along with the Thomas and Ioanna Tsiankas Family Trust for which Mr. Tsianakas is also the trustee. Defendant Thomas G. Tsianakas is for this reason being sued in both his individual capacity and as trustee. These Defendants are residents of the State of Maryland and reside at 12637 High  Meadow Road, North Potomac, Maryland 20878-3796.

17.     Defendant Aksom LLC t/a District Tobacco ("District Georgetown Dispensary" and "District Downtown Dispensary") operates two unlicensed and illegal cannabis dispensaries. Aksom LLC is an LLC organized in the District of Columbia with its principal place of business at 900 M Street NW, Washington, DC 20001.

18.     Defendant District Tobacco Inc. ("Other District Tobacco") is a recently organized (April 11, 2024) corporation in the District of Columbia with its principal place of business at 900 M Street NW, Washington, DC 20001. Other District Tobacco and Aksom LLC t/a District Tobacco have the same owner, the same business address and same business name. Other District Tobacco

is included as a defendant for sharing in the same unlawful activities as its affiliate, Aksom LLC, in operating the unlicensed District Downtown Dispensary and the unlicensed District Georgetown Dispensary.

19.     Defendant Ahmad Ghouse Loynab is the sole member of Aksom LLC and the sole shareholder of Other District Tobacco. Mr. Loynab directs and controls the Other District Tobacco (a closely held corporation) and the two unlicensed and illegal cannabis dispensaries owned by Aksom LLC (District Georgetown Dispensary and District Downtown Dispensary"). Mr. Loynab is a resident of the Commonwealth of Virginia, and resides at 16316 Sandy Ridge Court, Woodbridge, Virginia 22191. Defendant Loynab is included as a defendant here based on Plaintiff's request to pierce the corporate veil between Defendant Aksom LLC and the Other District Tobacco and Defendant Loynab.

20.     Defendant Benemax LLC ("3236 Prospect Property Owner") is the owner of commercial property located at 3236 Prospect Street NW, Washington, DC 20007-3214.  The 3236 Prospect Property Owner is an LLC organized in the District of Columbia with its principal place of business at 1921 Florida Avenue NW, Washington, DC 20009.

21.     Defendant Charles Russell Properties LLC ("900 M Property Owner") is the owner of commercial property located at 900 M Street NW, Washington, DC 20001.  The 900 M Property Owner is an LLC organized in the Commonwealth of Virginia with its principal business address at  9019 Fort Craig Drive, Burke, Virginia 22015-2115.

22.     Defendant Safee LLC t/a Vape Town ("Vape Georgetown Dispensary") operates an unlicensed and illegal dispensary at 2801 M Street NW, First Floor, Washington, DC 20007.  The Vape Georgetown Dispensary is an LLC organized in the Commonwealth of Virginia with its business address at 15526 Kelley Farm Court, Woodbridge, Virginia 22193.

23.     Defendant FunkyPiece Georgetown Corp. ("Funky Georgetown Dispensary") operates an unlicensed and illegal cannabis dispensary at 2801 M Street NW, Basement, Washington, DC 20007.  The Funky Georgetown Dispensary is an LLC organized in the District of Columbia with its principal place of business at 2801 M Street NW, Basement, Washington, DC 20007.

24.     Defendant 23 Bond – 2801 M Street Owner LLC ("2801 M Property Owner") is the owner of commercial property located at 2801-2805 M Street NW, Washington, DC 20007.  The 2801 M Property Owner is an LLC organized in the State of Michigan with its principal place of business at 31731 Northwestern Highway, Suite 250W, Farmington Hills, Michigan 48334-1668.

24.     Defendant FunkyPiece Co. ('Funky Adams Dispensary") operates an unlicensed and illegal dispensary at 2116 18th Street NW, Washington, DC 20009.  The Funky Adams Morgan Dispensary is an LLC organized in the District of Columbia with its principal place of business at 2116 18th Street NW, Washington, DC 20009.

25.     Defendant Stephen Maged Trustee ("2116 18th Property Owner") as the trustee of the Stephen Maged Revocable Trust is the person in control of and responsible for the commercial property located at 2116 18th Street NW, Washington, DC 20009.  The 2116 18th Property Owner is a person who resides in Maryland at 11700 Glen Court, Potomac, Maryland 208511.

26.     Defendant Matthew Bebawy owns and controls both Defendants FunkyPiece Georgetown Corp. and FunkyPiece Co. and is the sole or majority shareholder of both closely held corporations. Mr. Bebawy directs and controls the two unlicensed, illegal cannabis dispensaries owned by these two corporations (Funky Georgetown Dispensary and Funky Adams Morgan Dispensary).  Mr. Bebawy is a resident of the District of Columbia and resides at 5233 Connecticut Avenue NW, Apt # 301, Washington, DC 20015.  Defendant Bebawy is included as

a defendant here based on Plaintiff's request to pierce the corporate veil between Defendants FunkyPiece Georgetown Corp. and FunkyPiece Co. and Defendant Bebawy.

## JURISDICTION AND VENUE

27.    This Court has federal question jurisdiction over this case, 28 U.S.C. §1331 and 15 U.S.C. §1121, and supplemental jurisdiction over the state law claims, 28 U.S.C. §1367.

28.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the actionable activities took place in the District of Columbia, the unlicensed and illegal dispensaries operated in the District of Columbia and all commercial properties used by these dispensaries are located in the District of Columbia.

## FACTS

### A.  ALCE

29.    The cultivation of cannabis and the manufacture of cannabis products in the District of Columbia and the sale and distribution of such is governed by the Legalization of Marijuana for Medical Treatment Amendment Act of 2010, as amended, D.C. Code §7-1671.05, *et seq*. and the rules issued by ABCA, D.C. Code §25-204.02 and DCMR Title 22-C. These laws and ABCA rules require that cultivators, manufacturers, and retailers of cannabis be licensed by ABCA. D.C. Code §7-1671.06.  The only cannabis flower (including all THC and CBD strains and hemp) and other cannabis products that can be legally sold in the District of Columbia are subject to these laws and regulations.

30.    D.C. Code §7-1671.01(22) states: An "unlicensed establishment" is a sole proprietorship, partnership, or other business entity that:

    (A)  Sells, exchanges as part of a commercial transaction, or delivers cannabis and
        cannabis products;
    (B)  Operates at or delivers from a specific location in the District; and

      (C)  Is not licensed by ABCA as a cultivation center, retailer, internet retailers, manufacturer, courier or testing laboratory.

31.    D.C. Code §7-1671.08(a) provides that:

Any person who manufactures, cultivates, posses, administers, dispenses, distributes or uses cannabis, or manufactures, posses, distributes, or uses paraphernalia, in a manner not authorized by this chapter or the rules issued pursuant to §7-1671.13 shall be subject to criminal prosecution and sanction under subchapter I of Chapter 11 of Title 48[§48-1101 *et seq.*].[1]

32.    The initial cultivation/manufacturing and retailing licenses were issued by the DC Government in 2013, and during the past several years prior to this lawsuit, there had been fifteen licensees who constituted the legal cannabis market in the District of Columbia. Several additional cannabis licensees have been authorized by ABCA since April 1, 2024.

33.    In the past several years due to the operation of illegal unlicensed dispensaries selling cannabis products that are illegal in the District of Columbia, the legal, licensed cannabis market has lost substantial commercial sales diverted to the illegal cannabis market in DC.  Some public estimates put the illegal cannabis revenues in the District of Columbia at $600 million plus per year.

34.    Faced with squeezed margins and the loss of substantial revenues, several legal licensed cultivators/manufacturers and retailers have been forced to discontinue operations, and all cannabis licensees who represent the legal cannabis market have lost revenues to the illegal cannabis market in the District of Columbia.  Illegal cannabis dispensaries are competitors with the legal cannabis licensees, and those who materially participated in the illegal dispensaries' establishment or by financing, selling, or transporting illegal cannabis, or leasing commercial

---

[1] The definition of "cannabis" as used throughout DC laws and regulations is defined in Section 102(3) of the DC Controlled Substance Act of 1981, D.C. Code §48-901.02.  This definition adopted in the DC Marijuana Legalization Act, D.C. Code §7-1671.01(2A).  This definition includes all parts of the plant genus Cannabis which includes THC, CBD, and all other cannabinoids.

retail space to permit illegal cannabis dispensaries to make retail cannabis sales, are then also competitors with legal licensees.

35.     In recognition of the need for the legal cannabis market to pursue legal action to stop the complete erosion of the legal market in DC and to seek redress for lost commercial sales, several licensed cannabis entities decided to form the ALCE as an open alliance for all legal cannabis licensees in DC who have been harmed over the past several years and continue to be harmed today by illegal dispensaries and other participants who materially participated or materially assisted in the establishment and operation of illegal dispensaries engaged in the sale of illegal cannabis flower and other cannabis products.

36.     ALCE is open to all legal cannabis entities (cultivators, manufacturers, and retailers) including new legal entities, to become members.[2]  The purpose of ALCE as stated in Section 1.4 of its Operating Agreement:

> The purpose of the Company [ALCE] is to protect and safeguard the legal cannabis market in the District of Columbia as represented by those legal entities who were licensed by the District of Columbia Alcohol Beverage and Cannabis Administration ("ABCA") as operators of cannabis retail facilities (i.e., dispensaries) or cannabis cultivation and manufacturing facilities. To accomplish this purpose, the Company is established to pursue legal action against Persons who have either directly or indirectly participated in illegal activities or aided and abetted illegal operators in the illegal sale, distribution, delivery, promotion, handling, advertising or payment for illegal cannabis or illegal substitutable products or otherwise assisting, promoting or enabling these illegal entities to operate and inflict economic harm on individual legal cannabis licensees and/or the legal cannabis market in the District of Columbia. Further, the Company is authorized to engage the services of Persons to represent the Company or to provide investigative or analytical services related to illegal cannabis entities and their operations and Persons providing them with goods and services.

> In recognition of the economic harm inflicted on the legal DC cannabis market over the past several years by the illegal cannabis participants and enablers, membership in the ALCE – DC is open to all legal entities licensed by ABCA, who operate or operated legal

---

[2] There are some restrictions with respect to new members who previously operated illegal dispensaries and who are being sued or subject to being sued by ALCE on behalf of its members.

cannabis facilities.  All Members authorize ALCE - DC to negotiate on behalf of the Members with the Persons involved in or otherwise assisting or enabling the illegal cannabis market in DC so as to contribute to the reduction in illegal sales, removal of illegal products from the market, and to obtain  compensation for the economic harm inflicted on the legal cannabis market and licensed entities generally in DC in the last 3 years and continuing.  All Members authorize ALCE – DC to represent their respective interests in the legal cannabis market in DC in judicial proceedings as part of ALCE – DC seeking damages done to the legal market in DC, and to represent to the Court that ALCE – DC has the same standing as each individual Member would have had if it had separately participated as a plaintiff.

37.     All members of ALCE accept its Operating Agreement and the purpose quoted above.

38.     Since membership in ALCE is permanently open to cannabis licensees in the District of Columbia, ALCE expects additional licensees to join ALCE to help protect the legal cannabis market in the District of Columbia from the harm caused by the illegal cannabis market participants, including the harm they cause by the diversion of commercial sales to the illegal market involving the sale and delivery of illegal cannabis flower and other cannabis products.

39.     ALCE represents its members collectively and has the same standing to sue its individual members have – all of whom are (were) licensed cultivators, manufacturers and/or retailers, and as a consequence, ALCE has standing to sue the unlicensed and illegal dispensaries in the District of Columbia and those participants, including property owners, who have contributory liability or are otherwise liable for the material assistance they provided the illegal dispensaries in the sale and delivery of illegal cannabis flower and other cannabis products.

40.     Since ALCE is suing on behalf of the legal cannabis market in the District of Columbia and its members for the damage done to the legal cannabis market in the District of Columbia, as demonstrated by the revenues and profits of the defendants, the direct participation here of individual members of ALCE is not necessary.

**B.  Mallios Realty - Mallios**

41.     Defendant Mallios Realty has taken an active role providing significant assistance to the illegal cannabis market in the District of Columbia by attracting investors to invest in commercial properties to be leased to illegal dispensaries who sell illegal cannabis flower and other cannabis products as well as psychedelic mushrooms.

42.     As stated on its website (www.malliosrealty.com) Mallios Realty is a DC company "formed by Peter Mallios investing in retail property in the Washington DC area.  Mr. Mallios has 38 years of real estate experience in the Washington DC area, 29 of them as a principal, with a history of successful real estate investing.  The company targets retail properties with strong fundamentals, competitive income returns and the potential for long-term value creation and appreciation.  They may be fully leased or vacant, stabilized, distressed or raw land to be developed.  The geographic target is Washington DC and the suburban areas.  The target size of each property is in the $1,000,000 to $5,000,000 range.  The company typically creates separate partnerships for each property using different investors."  Mallios Realty further appears to own some percentage of each investment property as the managing partner or member, and in addition, "the leasing and management of all properties is handled by Peter Mallios."

43.     The same website of Mallios Realty lists its current portfolio of nine properties, three of which are other defendants in this case (2503 Champlain Property Owner, 3289 M Property Owner and 2318 18th Property Owner) because they lease (or leased) commercial properties to unlicensed and illegal cannabis dispensaries. A third of Mallios Realty's investment portfolio are commercial properties catering to the sale and distribution of illegal cannabis and cannabis products in DC.

44.     Mallios Realty specifically targeted the illegal cannabis market as a profitable leasing market.  As it explained on its website "With several properties under representation in the local

16

real estate market, many efficiencies will be available to benefit the property, such as the availability to receive leasing and marketing leads from the other properties as well as the ability to offer nearby, responsive property management services."

45.     Peter Mallios ("Mallios") is the only member of Mallios Realty; he controls Mallios Realty; Mallios Realty is the business conduit of Peter Mallios; the business addresses of Mallios Realty and Peter Mallios are the same; and the intermingling of business records is apparent from the multiple roles played by Peter Mallios with respect to the investment properties where he acted as a broker, portfolio manager, leasing agent, and property manager.

46.     No corporate veil should exist to insulate either Peter Mallios or Mallios Realty from liability in this case.

47.     Five of the defendants (Mallios Realty, Peter Mallios, 2503 Champlain Property Owner, 3289 M Property Owner and 2318 18th Property Owner) in this case share (or until very recently shared) the same business address: 7517 Hackamore Drive, Potomac, Maryland 20854.

48.     Peter Mallios is further connected to another defendant, Mallios Properties, LLC ("1529 17th Property Owner") who also leases to another illegal cannabis dispensary ("Dreams DuPont Dispensary") which is yet another defendant here.

49.     Defendants Mallios Realty and Peter Mallios ("Mallios") were aware that the UpNSmoke Adams Morgan Dispensary, the UpNSmoke Georgetown Dispensary and Wash Hydro Inc. ("Wash Adams Morgan Dispensary") were engaged (or would be engaged in as a tenant) in the sale of illegal cannabis, that they were unlicensed to sell cannabis in the District of Columbia, that they did not intend to file for a legal cannabis retailer license, that they would most probably not qualify at the time for a legal license, and that they required the use of commercial space that would not restrict their ability to sell illegal cannabis in the District of Columbia.

50.     Defendants Mallios Realty and Mallios brokered and materially assisted the 2503 Champlain Property Owner, the 3289 M Property Owner, and the 2318 18th Property Owner in leasing their commercial properties for the purpose of allowing unlicensed and illegal cannabis dispensaries to operate from these commercial properties to sell illegal cannabis.  Defendants Mallios Realty and Mallios entered into brokering agreements with each of these property owners to find and negotiate leases with  UpNSmoke Adams Morgan Dispensary, UpNSmoke Georgetown Dispensary and Wash Hydro Adams Morgan Dispensary.

51.     Defendants Mallios Realty and Mallios have a long history and experience in leasing commercial properties in the District of Columbia for the sales of illegal cannabis and "magic" mushrooms.  Mallios Realty and Mallios used their contacts with the illegal cannabis market in the District of Columbia to find UpNSmoke Adams Morgan Dispensary, UpNSmoke Georgetown Dispensary, and Wash Hydro Adams Morgan Dispensary.  Mallios Realty and Mallios negotiated with and materially assisted these three unlicensed and illegal cannabis dispensaries in leasing commercial space from the 2502 Champlain Property Owner, the 3289 M Property Owner, and the 2318 18th Property Owner.

52.     Defendants Mallios Realty and Mallios were the essential brokers materially assisting both the property owners and the unlicensed cannabis dispensaries to enter into agreements to lease commercial space for the purpose of selling illegal cannabis in the District of Columbia.

**C.   2503 Champlain Property Owner – UpNSmoke Adams Morgan Dispensary**

53.     Defendant Champlain Associates LLC ("2503 Champlain Property Owner") leases its commercial space to Defendant Masterminds 303 LLC t/a UpNSmoke (hereinafter referred to as "UpNSmoke Adams Morgan Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location.

54.     The 2503 Champlain Property Owner intentionally leased its commercial space for the sale of illegal cannabis flower and products. The 2502 Champlain Property Owner has leased to the UpNSmoke Adams Morgan Dispensary since at least  April 5, 2022, which is the date the 2503 Champlain Property Owner obtained a  Certificate of Occupancy (CO2201669) for a retail Art Gallery, a common ruse among property owners and unlicensed dispensaries to hide from government authorities (i.e. the Zoning Office) the fact that the space was used to sell illegal cannabis.

55.     The 2503 Champlain Property Owner never investigated or conducted any meaningful due diligence review of the UpNSmoke Adams Morgan Dispensary before entering into a lease because it knew that UpNSmoke Adams Morgan Dispensary (and its previous tenant) were involved in the sale of illegal cannabis.  The 2503 Champlain Property Owner never took any action to determine if the UpNSmoke Adams Morgan Dispensary had any legitimate (legal) purpose.

56.     The UpNSmoke Adams Morgan Dispensary is easy to spot with its large illuminated Green Cross in the storefront window which is often used as a symbol or logo to indicate the presence of a medical cannabis dispensary.  In front of the dispensary on the sidewalk is a large A-Frame sign promoting the sale of cannabis inside ("THC," "CBD" and "VAPES").  The property owner would not have had to undertake any investigation to know what was plain to the public – that a cannabis dispensary was operating at that location.

57.     The UpNSmoke Adams Morgan Dispensary uses the internet to falsely promote itself and advertise its cannabis for sale in interstate commerce. In addition to various internet postings and ads (Google, TrustedBud, etc.), it has two websites (www.upnsmokellc.com and www.upnsmokedc.com) that advertise the wide selection of cannabis that it falsely presents as

legal for sale—not just in DC, but also in Maryland and Virginia where it makes interstate deliveries that are also illegal.  The selection of cannabis flower, pre-rolls, edibles, vapes, and magic mushrooms shown on its website are also carried in the UpNSmoke Adams Morgan Dispensary, but none of this cannabis is legal to be sold in DC because none of it is cultivated and manufactured by cannabis licensees authorized by ABCA.

58.     The sale of illegal cannabis by UpNSmoke Admas Morgan Dispensary displaces sales of cannabis by DC licensed cultivators, manufacturers, and retailers, causing direct damage to the legal cannabis market and ALCE.

59.     The UpNSmoke Adams Morgan Dispensary uses its websites and the internet to deceive consumers by presenting itself as a legal cannabis dispensary by falsely claiming to be "i-71 compliant".  This is a claim that it is legal in DC for a commercial retailer to distribute illegal cannabis not approved by ABCA if the commercial retailer "gifts" the cannabis, and the retailer and consumer falsely agree that the consumer purchased something else of nominal value for the cost of the cannabis. The DC Government has repeatedly warned unlicensed and illegal dispensaries and the property owners who lease to them that it is not legal for a commercial retailer to transfer cannabis for renumeration, and "gifting" by commercial retailers is illegal in DC.

60.     If the property owner ever thought to question whether a cannabis dispensary was licensed or not, all it had to do was go to ABCA's website (https://abca.dc.gov/page/medical-cannabis-retailer-locations#gsc.tab=0) for a complete list of legal licensed dispensaries.

61.     The UpNSmoke Adams Morgan Dispensary's websites contain multiple, material misrepresentations intended to deceive consumers and harm the legal cannabis market in DC,

including the claim made repeatedly on its websites of being legal by "gifting" cannabis under Initiative 71:

> Our vision is to offer a safe and legal way to gift cannabis in Compliance with Initiative 71.

62.     On February 5, 2024, Plaintiff investigated the illegal dispensary operated by UpNSmoke Adams Morgan Dispensary and observed the open display and sale of illegal cannabis flower and other cannabis products.  The dispensary's employee stated that all the cannabis sold in the dispensary were legal under DC laws, and that the dispensary was legally licensed in DC.  These representations were false.

63.     The UpNSmoke Adams Morgan Dispensary has never been licensed as a cannabis retailer by ABCA nor has it ever purchased for resale any cannabis flower or products from any licensed cannabis cultivator or manufacturer in the District of Columbia; consequently all cannabis flower and other cannabis products that it sold was illegal, was obtained from illegal sources, and caused harm to the legal cannabis market.

64.     The legal cannabis market in DC represented by ALCE suffered damages as a result of lost commercial sales that were instead made by UpNSmoke Adams Morgan Dispensary.  The 2503 Champlain Property Owner materially contributed to the UpNSmoke Adams Morgan Dispensary's deception of consumers that it was a legal dispensary selling cannabis that was legal under DC laws.  Without the material participation of the 2530 Champlain Property Owner in leasing its commercial space to the UpNSmoke Adams Morgan Dispensary the illegal cannabis sales by the dispensary would not have been made.

65.     On May 15, 2024, Plaintiff's attorney sent a letter to the 2503 Champlain Property Owner advising that an illegal cannabis dispensary was operating at the property.  On May 30, 2024, the attorney for the 2503 Champlain Property Owner responded by stating that UpNSmoke Adams

Morgan Dispensary intended to file for a cannabis retailer license in June and until it received a legal license it would not sell illegal cannabis and cannabis products.

66.     On July 27, 2024, Plaintiff again investigated UpNSmoke Adams Morgan Dispensary and found that it was still selling illegal cannabis flower and other cannabis products as of that date. In addition to observing the display and sale of illegal cannabis at the dispensary, Plaintiff's investigator took photos of the illegal cannabis and cannabis products displayed for sale inside the dispensary.

### D.   3289 M Property Owner – UpNSmoke Georgetown Dispensary

67.     Defendant 501 School Associates LLP ("3289 M Property Owner") leases its commercial space to Defendant UpNSmoke IV, LLC ("UpNSmoke Georgetown Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location.

68.     The 3289 M Property Owner intentionally leased its commercial space for the sale of illegal cannabis flower and product for more than 4 years. As far back March 1, 2020, the 3289 M Property Owner was leasing to DC Glass Gallery LLC, then part of the King Weedy Collective, a well-known operator of illegal cannabis dispensaries to conceal from government authorities the purpose for which the UpNSmoke Georgetown Dispensary intended to use the commercial space.

69.     On July 5, 2022, the 3289 M Property Owner in conjunction with UpNSmoke Georgetown Dispensary submitted an application for a Certificate of Occupancy for the use of the commercial space to sell athletic apparel, but the DC Department of Building Zoning Office took no action on that application because it believed the name of the tenant (UpNSmoke IV, LLC) suggested something more akin to the sale of tobacco products versus athletic apparel. The

M Street Property Owner failed to respond to the Department of Buildings and no Certificate of Occupancy was issued.

70.     On August 31, 2022, 3289 M Property Owner and UpNSmoke Georgetown Dispensary submitted a new application for a Certificate of Occupancy but this was never acted upon by the DC Department of Buildings (Zoning Office) because as noted by the DOB supervisor on September 27, 2022 "I believe this establishment is proposing the sale of marijuana." The 3289 M Property Owner failed to respond to the Department of Buildings and no Certificate of Occupancy was issued.

71.     On April 23, 2023, 3289 M Property Owner tried a third time to obtain a Certificate of Occupancy but apparently the application referenced another – different UpNSmoke dispensary (UpNSmoke M St LLC) that differed from the UpNSmoke entity on the lease. The DC Department of Buildings took no action on this application due to the inability of M Street Property Owner to clear up these inconsistencies. Still no Certificate of Occupancy has been issued for this commercial space; although on February 2, 2024, the UpNSmoke Georgetown Dispensary applied for a general business license at this location.

72.     Although UpNSmoke Georgetown Dispensary has apparently applied to ABCA for a cannabis retailer license, none has been issued as of the date of this Complaint, and it continues to operate illegally and to sell illegal cannabis flower and other cannabis products. None of the cannabis sold by UpNSmoke Georgetown Dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold by the UpNSmoke Georgetown Dispensary was (and continues to be) illegal and was obtained from illegal sources. As a result commercial sales of legal cannabis cultivated and manufactured in DC and sold by a licensed cannabis retailer have been reduced, causing damage to the legal

cannabis market represented by ALCE.  Furthermore, at all times UpNSmoke Georgetown
Dispensary misrepresented itself at the dispensary and online as being as a legal cannabis retailer
and misrepresented that all its products were legal under DC law, causing deception of
consumers.

73.    The 3289 M Property Owner never investigated or conducted any meaningful due
diligence review of the UpNSmoke Georgetown Dispensary before entering into a lease because
it knew that UpNSmoke Georgetown Dispensary was involved in the sale of illegal cannabis.  In
fact, even the DC Department of Buildings just viewing the paperwork submitted by 3289 M
Property Owner for a Certificate of Occupancy was able to reach that conclusion. Also, 3289 M
Property Owner never took any action to determine if the UpNSmoke Georgetown Dispensary
had any legitimate (legal) business purpose.

74.    Whenever the UpNSmoke Georgetown Dispensary is open there is an A-Frame sign on
the sidewalk in front advertising CBD, THC and VAPES for sale along with the website of the
dispensary which has the full menu of illegal cannabis for sale at that location.  Inside there is a
large display of many cannabis products so that anyone walking inside would immediately know
it was a cannabis store.

75.    On January 25, 2024, Plaintiff investigated the illegal dispensary operated by the
UpNSmoke Georgetown Dispensary and observed the display of illegal cannabis flower (CDB
and THC) and products.  Sales of illegal cannabis flower and cannabis products by both
employees were observed.  The employees discussed the types of cannabis pre-rolls available for
purchase in the dispensary and the CBD/THC vapes carried by the dispensary specifically
represented that all cannabis sold in the dispensary were legal under DC laws and that the
dispensary itself was legally licensed in DC.  These representations were false.

76.     The same employee of the UpNSmoke Georgetown Dispensary on January 25, 2024, represented that "UpNSmoke" owned and operated ten cannabis dispensaries in the Washington, DC metropolitan area, making it one of the largest illegal cannabis distributors in this area.

77.     The UpNSmoke Georgetown Dispensary falsely promotes itself and advertises in interstate commerce through internet guides to illegal cannabis dispensaries (TrustedBud, Yelp), social media (Facebook (UpNSmoke/ Washington, D.C.), Tik Tok, etc.), various internet postings and ad (Google, d7leadfinder.com), and its own websites (www.upnsmokellc.com and www.upnsmokedc.com).  It uses the internet to make false or misleading representations as to its own legal status to sell cannabis in DC and the nature, characteristics, qualities and origin of the cannabis it sells to consumers in DC.

78.     UpNSmoke is the trade name for multiple illegal dispensaries in the District of Columbia. The UpNSmoke websites lists five unlicensed and illegal dispensaries in the District of Columbia, including two defendants in this case: UpNSmoke Adams Morgan Dispensary and UpNSmoke Georgetown Dispensary. The websites provide a full menu of the illegal cannabis flower and other cannabis products available for sale at these illegal dispensaries or for online ordering and delivery.  Many of the cannabis products listed on this menu are manufactured by illegal cannabis companies that market nationwide to illegal distributors, but are not legal in DC. None of these products can be sold in DC even by legally licensed retailers. UpNSmoke Georgetown Dispensary and its affiliated and unlicensed dispensaries seek an unfair competitive advantage by misrepresenting this wide selection of products as being legal and deceiving the consumer.

79.     UpNSmoke website states: "We take great pride in  being the largest CBD distributor in DC, offering a wide selection of high-quality products to meet the needs of every customer."

80.     The UpNSmoke websites misrepresent that UpNSmoke dispensaries are legal dispensaries that sell legal cannabis flower and cannabis products.  None of these representations are true.  The UpNSmoke Adams Morgan Dispensary and UpNSmoke Georgetown Dispensary are illegal dispensaries selling illegal cannabis flower and other cannabis products in the District of Columbia.

81.     The UpNSmoke website falsely claims that its dispensaries are legal despite not being licensed because they are what UpNSmoke refers to as being "I-71 Compliant" which is a false claim that an unlicensed commercial retailer can "gift" cannabis by pretending that a customer is purchasing a nominal value item like a trading card or a business card with the retailer's logo on it, and the retailer then "gifts" the cannabis product chosen by the customer with the purchase price still required to be paid. These types of false claims are made both in stores and on the internet in interstate commerce by unlicensed, illegal dispensaries to promote themselves as legal cannabis dispensaries in DC and to falsely advertise their cannabis products as legal in DC. These false representations mislead, confuse or deceive the consumer in DC (and in interstate commerce) into believing these unlicensed dispensaries are legal suppliers of cannabis in DC.

82.     ABCA has found that unlicensed dispensaries claiming to be "I-71 Compliant" are engaged in false advertising and violating the violation of DC Code §7-1671.06( c)(1), and a misrepresentation to the public as to the legalization of commercial transactions being conducted by unlicensed cannabis dispensaries.  ABCA has issued warning letters to unlicensed dispensaries for :

> "Illegally making claims that goods or services provided by operation [the unlicensed dispensary] are complaint with the *Legalization of Possession of Minimal Amounts of Marijuana for Personal Use Initiative of 2014*, effective February 26, 2015 (D.C. Law 20-153 (e.g., "I-71 complaint")(D.C. Official Code §7-1671.06( c)(1)."

26

83.     DC's 2014 Initiative-71 was a voter-approved ballot initiative in the District of Columbia that legalized recreational use of cannabis and made it legal for a person  21 and older to possess up to two ounces and allowed personal cultivation of up to six plants per house or dwelling unit. It did not authorize the sale or transfer for remuneration of cannabis, nor did it allow for the commercial cultivation of or manufacture of cannabis products.  The DC Government has repeatedly emphasized that commercial "gifting" is the transfer for remuneration and is illegal. Furthermore, it is not just the retail transaction that is illegal, but the cannabis and cannabis products being sold in this situation are themselves illegal  sourced from unknown and unlicensed cultivator and manufacturers from other states and foreign countries.

84.     DC's 2020 Initiative 81 was a voter-approved ballot initiative in the District of Columbia that "declared that the policy shall treat the non-commercial cultivation, distribution, possession and use of entheogenic plants and fungi [magic mushrooms] among the lowest enforcement priorities." This policy initiative was codified in D.C. Law 23-268 Entheogenic Plant and Fungus Policy Act of 2020.   Psilocybin is classified as a Schedule I controlled substance (CS Code Number 7438), it is also a naturally occurring hallucinogenic substance found in certain types of mushrooms.  Under DC law, the commercial sale of magic mushrooms remains illegal and Initiative 81 does not grant any "gifting" rights to commercial retailers for Magic mushrooms. Claims to be "i-71 Compliant" or "i-81 Compliant" are false claims to deceive consumers.

85.     On May 15, 2024, Plaintiff's attorney sent a letter to the 3289 M Property Owner advising that an illegal cannabis dispensary was operating at the property.  On May 30, 2024, the attorney for the 3289 M Street Property Owner responded by stating that UpNSmoke Georgetown Dispensary had filed with ABCA for a cannabis retailer license, and it was not selling any illegal cannabis.

86.     On July 27, 2024, Plaintiff again investigated UpNSmoke Georgetown Dispensary and found the opposite to be true - UpNSmoke Georgetown Dispensary was still selling illegal cannabis flower and a wide selection of other cannabis products.  In addition to observing sales of  illegal cannabis, Plaintiff's investigator took photos of the illegal cannabis products displayed for sale inside the dispensary. Such illegal sales are themselves a potential basis for denial of UpNSmoke Georgetown Dispensary's license application.

87.     The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by UpNSmoke Georgetown Dispensary.  The 3289 M Property Owner materially contributed to the UpNSmoke Georgetown Dispensary's deception of consumers as to being a legal dispensary selling cannabis that was legal under DC laws.  Without the material participation of the 3289 M Property Owner in leasing its commercial space to the UpNSmoke Georgetown Dispensary, the illegal cannabis sales by it would not have been made.

### E.  Defendant Dib

88.     Defendant Dib is the only listed owner of the UpNSmoke Georgetown Dispensary and UpNSmoke Adams Morgan Dispensary which on information and belief are both single member LLCs.

89.     The UpNSmoke Georgetown Dispensary and the UpNSmoke Adams Morgan Dispensary are business conduits for Defendant Dib.  Defendant Dib is responsible for managing the operations of both unlicensed and illegal dispensaries.

90.     There is a commingling of business records between Defendant Dib and Defendant UpNSmoke IV LLC ("UpNSmoke Georgetown Dispensary") and Defendant Masterminds 303 LLC ("UpNSmoke Adams Morgan Dispensary") and no corporate veil should exist to insulate

Defendant Dib from the liability of UpNSmoke Georgetown Dispensary and UpNSmoke Adams Morgan Dispensary.

### F. 2318 18th Property Owner – Non-Defendant Wash Hydro Adams Morgan Dispensary

91.     Defendant 2318 18th Street LLC ("2318 18th Property Owner") leases its commercial space to Wash Hydro Inc. ("Wash Hydro Adams Morgan Dispensary") who prior to April 1, 2024 (*i.e.,* approximate date ABCA issued a cannabis retailer license to the Wash Hydro Adams Morgan Dispensary) operated an illegal cannabis dispensary (aka DC Glass Gallery) at that location. ALCE's Complaint is only focused on the property owner leasing space to the Wash Hydro Adams Morgan Dispensary before it obtained a legal cannabis retailer license issued by ABCA.

92.     The 2318 18th Property Owner intentionally leased its commercial space prior to April 1, 2024, for the sale of illegal cannabis and cannabis products. As far back February 1, 2019, the 2318 18th Property Owner was leasing to the Wash Hydro Adams Morgan Dispensary, which was part of the King Weedy Collective, a well-known operator of illegal dispensaries at that time; however, the 2318 18th Property Owner never applied for a Certificate of Occupancy for the Wash Hydro retail operations in order to conceal from governmental authorities the intended use of the space by the dispensary.

93.     The 2318 18th Property Owner never investigated nor conducted any meaningful due diligence review of this dispensary before entering into a lease because it knew that Wash Hydro Adams Morgan Dispensary at that time was involved in the sale of illegal cannabis.  Also, the 2318 18th Property Owner never took any action to determine if Wash Hydro Adams Morgan Dispensary had any legitimate (legal) business purpose.

94.     Plastered over the storefront window was a large picture of a green marijuana plant and "Delta 8" indicating the sale of cannabis inside.  Furthermore, photos of the dispensary's storefront with the painted slogan that it was "DC's Original Gift Shop" and it sold "gifts" was posted on its Google page in interstate commerce.  This is the same false claim made by other unlicensed dispensaries that they are i-71 compliant.  This claim was intended to deceive consumers to believe that the Wash Hydro Adams Morgan Dispensary operated legally (before it was licensed by ABCA) and that its cannabis products were also legal at that time.   Before the Wash Hydro Adams Morgan Dispensary re-opened as a legally licensed dispensary it was generally known as an unlicensed, illegal dispensary, including to the 2318 18th Property Owner.

95.     Prior to April 1, 2024, Wash Hydro Adams Morgan Dispensary was an unlicensed, illegal cannabis dispensary that sold illegal cannabis flower and other cannabis products that were not cultivated or manufactured by any legally licensed cultivator or manufacturer in the District of Columbia;  consequently all cannabis that it sold prior to April 1, 2024, were illegal and was obtained from illegal sources in other states or foreign countries. The Wash Hydro Adams Morgan Dispensary as part of the King Weedy Collective that falsely promoted and advertised itself and its cannabis products as legal in the District of Columbia.  It had an active internet presence, including its Google ads and postings to promote itself and advertise in interstate commerce.  Through its internet postings, including photos of its storefront, it sought to reinforce its false claim that it was an i-71 "gifting" shop in an attempt to deceive consumers as to its legal status and the fact that the cannabis it sold was also illegal in DC.

96.     Wash Hydro Adams Morgan Dispensary was the target of a law enforcement raid in 2021 by the DC Metropolitan Police related to its operation of as an unlicensed, illegal cannabis dispensary and its possession illegal cannabis flower and products.  The 2318 18th Property

Owner was aware of the illegal activity prior to the police raid, and it continued to lease the premises to the Wash Hydro Adams Morgan Dispensary after the raid without regard to the injury caused the legal cannabis market and ALCE.

97.     The legal cannabis market in DC represented by ALCE suffered damages as a result of lost commercial sales that were instead made by Wash Hydro Adams Morgan Dispensary since 2021.  The 2318 18th Property Owner materially contributed to the Wash Hydro Adams Morgan Dispensary's deception of consumers as to being a legal dispensary selling cannabis (before it received a license in 2024) that also misrepresented to be legal under DC laws.  Without the material participation of the 2318 18th Property Owner in leasing its commercial space to the Wash Hydro Adams Morgan Dispensary, the illegal cannabis sales by the would not have been made.

### G.  1529 17th Property Owner – Dreams DuPont Circle Dispensary

98.     Defendant Mallios Properties LLC ("1529 17th Property Owner") leases its commercial space to Defendant Dreams 2 Limited Liability Company ("Dreams DuPont Circle Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location.

99.     The 1529 17th Property Owner intentionally leased its commercial space for the sale of illegal cannabis flower and other cannabis products. Internet photo postings on Google indicate this dispensary was opened at least 2 years ago.  And, on October 1, 2022, the Dreams DuPont Circle Dispensary obtained a cigarette retail business license as a 'cover' for its sale of illegal cannabis and psychedelic mushrooms. The 1529 17th Property Owner never applied for a Certificate of Occupancy covering Dreams Dupont Circle Dispensary.  The front window of this dispensary contains illuminated signs for "CBD" with a marijuana plant, and "DELTA 8" both illegal for sale by unlicensed dispensaries. (Delta 8 is a naturally occurring chemical compound

in the cannabis plant, including hemp; however, it can be extracted in concentrated doses in

through a chemical process to enhance its psychoactive effect. It is regulated in DC the same as

all other cannabis products.)  Those signs along with drug paraphernalia in the window clearly

signaled to consumers that cannabis was sold inside.  Inside the dispensary there is a wide

selection of drug paraphernalia and the display counter contains a selection of cannabis products,

and magic mushrooms in a room behind the cashier checkout.

100.    Beginning on July 25, 2023 (RIS23-00450) through at least October 17, 2023 (RIS23-

00524), the DC Government opened up at least six Civil Infraction proceedings against Dreams

DuPont Circle Dispensary.  The 1529 17th Property Owner was informed of these proceedings

and was fully aware that Dreams DuPont Circle Dispensary was selling illegal cannabis flower

and products, as well as psychedelic mushrooms, but it took no action to prevent such continuing

illegal activity.

101.    The 1529 17th Property Owner never investigated or conducted any meaningful due

diligence review of the Dreams DuPont Circle Dispensary before entering into a lease because it

knew that Dreams DuPont Circle Dispensary was involved in the sale of illegal cannabis. Also,

the 1529 17th  Property Owner never took any other action to determine if Dreams DuPont Circle

Dispensary had any legitimate (legal) business purpose.

102.    The Dreams DuPont Circle Dispensary uses the internet to promote and advertise its

presence in interstate commerce as a "gift" shop for cannabis with various internet postings and

advertisements (Google, Foursquare.com, Zaubee.com, Guide.in.va, O2zosell.com, etc.).  For

example, photos of the front of the dispensary, with its illuminated "CBD," "DELTA 8" and

marijuana plant signs are posted on the dispensary's Google page to deceive consumers that they

can purchase legal cannabis inside.

103.   On February 20, 2024, Plaintiff investigated the illegal dispensary operated by Dreams DuPont Circle Dispensary and observed the display and sale of illegal cannabis flower and products.  Sales of illegal cannabis flower, cannabis products and psychedelic mushrooms at this dispensary were observed.  The dispensary employee explained the types of cannabis products sold by the dispensary and stated that all these products sold were completely legal under DC laws, and that the dispensary was legally licensed in DC.  This employee further stated that the sale of the  psychedelic mushrooms at the dispensary was more in a gray zone but available as "gifting."  These representations were false and reflect the dispensary's continuing deception of consumers.

104.   The Dreams DuPont Circle Dispensary has never been licensed as a cannabis retailer by ABCA nor has it ever purchased for resale any cannabis flower or other cannabis products from any licensed cannabis cultivator or manufacturer in the District of Columbia; consequently all cannabis that it sold was illegal and was obtained from illegal sources.  Furthermore, while the dispensary sells magic mushrooms as a substitutable product to cannabis in the District of Columbia, there are no legal means of purchasing or selling any magic mushrooms in DC. Licensed cannabis cultivators cannot grow these mushrooms nor can manufacturers produce the mushroom chocolate bars being promoted by illegal cannabis dispensaries to capture the attention of consumers and deceive them as to the safety and legality of such products.

105.   Deceptively packaged cannabis and magic mushrooms from illegal sources are marketed by unlicensed dispensaries as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

106.   On July 27, 2024, ACLE again investigated Dreams DuPont Circle Dispensary and confirmed that it continues to sell illegal cannabis, cannabis products and magic mushrooms.

107.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Dreams DuPont Circle Dispensary.  The 1529 17th Property Owner materially contributed to the Dreams DuPont Circle Dispensary's deception of consumers as to being a legal dispensary selling cannabis that was legal under DC laws.  Without the material participation of the 1529 17th Property Owner in leasing its commercial space to the Dreams DuPont Circle Dispensary the illegal cannabis sales by the would not have been made.

### H.  Defendant Jaohari

108.    Defendant Farah Jaohari is the only listed owner of the Dreams DuPont Dispensary which on information and belief is a single member LLC.  Defendant Jaohari (and another relative who serves as registered agent) is solely responsible for managing the operations of this illegal dispensary. Dreams Dupont Dispensary is a business conduit for Defendant Jaohari.

109.    There is a commingling of business records between Defendant Jaohari and Dreams DuPont Dispensary and no corporate veil should exist to insulate Defendant Jaohari from the liability of Dreams DuPont Dispensary.

### I.  1015 31st Property Owner – Waterfront Georgetown Dispensary

110.    Defendant Niobium LLC ("1015 31st Property Owner") leases its commercial space to Defendant Reach The Sky, Inc. t/a Georgetown Smoke Shop ("Waterfront Georgetown Dispensary") who operates an unlicensed and illegal dispensary at that location.

111.    The 1015 31st Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  The 1015 31st Property Owner began leasing to the Waterfront Georgetown Dispensary no later than August 1, 2023 which is the date of the general business license (400323809307) issued to the Waterfront Georgetown Dispensary. Also, on August 4, 2023, a Certificate of Occupancy (CO2301503) was issued for this commercial space to be

leased to the Waterfront Georgetown Dispensary, although the actual intended use of this commercial space was concealed.  The property owner and dispensary were both motivated to use this commercial space as an unlicensed cannabis dispensary to generate illegal cannabis revenues.   The decals on the mirrored windows to the dispensary make clear that cannabis is being sold inside.

112.    The Waterfront Georgetown Dispensary never had a cannabis retailer license issued by ABCA.  At all times, this dispensary has operated as an illegal dispensary selling illegal cannabis flower and other cannabis products. None of the cannabis flower and other products sold by the dispensary are cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis flower and other cannabis products that was sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

113.    The 1015 31st Property Owner never investigated or conducted any meaningful due diligence review of the Waterfront Georgetown Hill Dispensary before entering into a lease because it knew that this dispensary was unlicensed and involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of this unlicensed, illegal  dispensary was to sell illegal supplies of cannabis and the 1015 31st Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

114.    The Waterfront Georgetown Dispensary promoted itself and advertised in interstate commerce through its use of social media (Tik Tok @georgetownsmokeshop), paid internet guides to illegal dispensaries (Yelp, Roadtrippers, Theherbsupply), other postings on the internet and ads (Google Search) and its own website (www.georgetownsmokeshop.com) to deceive

consumers into believing the Waterfront Georgetown Dispensary operated legally in DC and its cannabis products were also legal in DC.

115.    The entire internet presentation of the Waterfront Georgetown Dispensary was intended to deceive consumers by presenting itself as a licensed, legal cannabis retailer in DC who sells and delivers legal cannabis products to customers who purchase through it. These representations are false and designed to undercut the intended advantage that legal cannabis dispensaries should have had as  licensees under the laws of the District of Columbia. The Waterfront Georgetown Dispensary used the internet to falsely represent itself as being I-71 compliant, offer in-store pick-up, curbside service and "discrete delivery options"( *see,* theherbsupply.com) not available through legal dispensaries.

116.    The Waterfront Georgetown Dispensary's website presents an extensive menu of illegal cannabis products available for sale, including flower (17 items $40-$260 for 1 ounce), pre-rolls (10 items $10-$100), THC cartridges (9 items $15-$50), THC edibles (20 items $25-$35), THC vapes (18 items- $60-$120), Dabs/wax/disposables, and magic mushrooms. This website is intended to deceive consumers by falsely representing both the dispensary and the cannabis and magic mushrooms its sells as being legal under DC law.

117.    Deceptively packaged cannabis and magic mushrooms from illegal sources are marketed by unlicensed dispensaries like the Waterfront Georgetown Dispensary as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

118.    The Waterfront Georgetown Dispensary's website further emphasizes that it both sells and delivers cannabis products in interstate commerce in a further effort to gain a competitive advantage over licensed legal cannabis dispensaries who are not allowed to operate in this manner.

Georgetown Smoke Shop understand the importance of receiving your products promptly and securely.  Our shipping policy is crafted to ensure a smooth and efficient delivery service.  We ship our products across various regions and stive to dispatch orders within 24-48 hours of purchase.  Delivery times vary depending on your location and the shipping method chosen.  We also offer tracking information for every order, allowing you  to monitor the progress of your shipment.  While we endeavor to ensure all orders arrive on time and in perfect condition, should issues arise our customer service team is readily available to assist with the solution and provide the necessary support.

119.    On August 14, 2024, ABCA issued its Order to Cease and Desist in *In the Matter of: Reach for the Sky, Inc. t/a Georgetown Smoke Shop*, Case No. 24-ULC-00018, to the 1015 31st Property Owner , the Waterfront Georgetown Dispensary and its owner, Sylivean Aqrawi "to cease the illegal purchase, sale, exchange, delivery, or any other form of commercial transaction involving cannabis immediately."  In its order , ABCA explained that its Supervisory Investigator ("SI") twice visited the Waterfront Georgetown Dispensary. On March 20, 2024, the Waterfront Georgetown Dispensary was visited and "found to have engaged in illegal cannabis activity".  As a result a warning letter on that date was sent to the illegal dispensary and property owner.  On August 6, 2024, the ABCA investigator returned to the Waterfront Georgetown Dispensary "and found that the establishment was continuing to sell cannabis products containing tetrahydrocannabinol (THC)" and took photograph of the various illegal cannabis products displayed on the store's shelves.

120.    The legal cannabis market in DC and ALCE suffered damages as a result of lost commercial sales that were instead made by the Waterfront Georgetown Dispensary.  The 1015 31st Property Owner materially contributed to the Waterfront Georgetown Dispensary's deception of consumers as to being a legal dispensary selling cannabis that was legal under DC laws. Without the material participation of the 1015 31st Property Owner in leasing its commercial

space to the Waterfront Georgetown Dispensary the illegal cannabis sales would not have been made.

### J.   2001 14th Property Owner – Non-Defendant Dreamland U Street Dispensary

121.    Defendants Thomas Tsianakas and Ioanna Stagia-Tsianakas ("2001 14th Property Owner") leased their commercial space to Dreamland LLC t/a Dreamland Smoke Boutique ("Dreamland U Street Dispensary"). Mr. Michael Tyrone Lyle is the owner of the Dreamland U Street Dispensary which operated for many years as an unlicensed and illegal cannabis dispensary at 2001 14th Street NW, Washington, DC 20009.  The Dreamland U Street Dispensary was an LLC organized in the District of Columbia with its principal place of business at 2001 14th Street NW, Washington, DC.  Its registration in DC has now lapsed, and the illegal dispensary has been recently closed.

122.    The 2001 14th Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis and cannabis products.  It appears that the 2001 14th Property Owner first leased to the Dreamland U Street Dispensary sometime prior to December 16, 2019 since it is known that the Dreamland U Street Dispensary was already a tenant at that time.  That is the date that the Dreamland U Street Dispensary submitted a trademark (service mark) application with the United States Patent and Trademark Office (USPTO") for is trade name "Dreamland Smoke Boutique."  The address used by the Dreamland U Street Dispensary on its USPTO application was "2001 14th Street NW, Washington, DC 20009". The property owner and the dispensary did not submit a request for a Certificate of Occupancy (CO2002428) until June 18, 2020.  Even when they submitted their belated CO application, they sought to conceal from the Zoning Office what activities were being conducted at the property by falsely claiming in their CO application that the property would be used for  a Retail Shop for Tobacco Products. To perpetuate this

concealment from government authorities, Mr. Lyle on July 20, 2021 obtained a Retail Cigarette license (410320805352) for the Dreamland U Street Dispensary, although no cigarette or other tobacco products were ever carried in this store. The property owner and dispensary were both motivated to use this commercial space as an unlicensed cannabis dispensary to generate illegal cannabis revenues.   The illegal display of cannabis pricing on postings on the windows, and on walls inside of the dispensary show that the property was operated as an illegal cannabis dispensary.  Certainly, the public and the property owner were aware of the fact that cannabis was being sold inside.

123.    The Dreamland U Street Dispensary never had a cannabis retailer license issued by ABCA.  At all times, this dispensary operated as an  illegal dispensary selling illegal cannabis flower and other cannabis products. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

124.    The 2001 14th Property Owner never investigated or conducted any meaningful due diligence review of the Dreamland U Street Dispensary before entering into a lease although it knew that this dispensary was unlicensed and involved in the sale of illegal cannabis, but the property owner expected the illegal dispensary to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of this unlicensed, illegal  dispensary was to sell illegal supplies of cannabis and the 2001 14th Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

125.    The Dreamland U Street Dispensary falsely promoted itself and advertised its cannabis products in interstate commerce through its use of social media (Facebook (dreamsmokeboutique), Instagram (@dreamland_smoke_boutique), Reddit), paid internet guides to illegal dispensaries (Yelp, Justcannabisandcbd.com), and other internet posting and ads (Google Search, MapQuest , Yellowpages) and its own website (www.dreamlandweed.com ) all intended to create an image of legality to deceive consumers so they would order illegal cannabis from the dispensary. The dispensary's Instagram alone lists more than 75 illegal cannabis products including many packaged to look like national non-cannabis brands like "Jolly Rancher" cannabis gummies or "Nerd Ropes" cannabis candy.

126.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like the Dreamland U Street Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

127.    On February 27, 2024, Plaintiff investigated the Dreamland U Street Dispensary and the display and sale of  cannabis products.  The dispensary employee stated that the dispensary was licensed to sell cannabis in DC and all its cannabis products were approved for sale. There was no mention of any "gifting" requirement , and several cannabis sales were also observed.

128.    On April 26, 2024, ABCA sent a warning letter to the Dreamland U Street Dispensary and the 2001 14th Property Owner stating that ABCA's investigator on April 26, 2024, had "observed unlicensed and illegal cannabis operations in violation of Chapter 16B of title 7 of the D.C. Official Code and D.C. Official Code §48-904.01", including

> Illegally selling cannabis or knowingly engaging or attempting to engage
> in the purchase, sale, exchange, or delivery of cannabis (D.C. Official
> Code §§7-1671.08(f), 48-904.01(a)(1)(B)).
>
> Illegally manufacturing, cultivating, possessing, administrating, dispensing,
> distributing, or using cannabis on the premises in a manner not authorized by

Chapter 16B of Title 7 of the D.C. Official Code or Title 22-C of the D.C. Municipal Regulations (D.C. Official Code §7-1671.08).

Illegally displaying advertising or signs related to the price of cannabis; displaying cannabis advertisements on the exterior of a window or interior of any door; or making cannabis advertisements visible to persons on public or private space outside the premises (D.C. Official Code §7-1671.06b( e)).

129.    ABCA's April 26, 2024 letter concluded by stating:

Please note that the issuance of this warning letter does not protect you from prosecution by other federal or District law enforcement agencies or from any lawsuits that may be filed by private actors against you.  Therefore, you are putting yourself at risk if you continue to engage in this illegal conduct or continue to allow it to occur.

130.    The apparent recent closure of the Dreamland U Street Dispensary does not absolve the 2001 14th Property Owner of its liability to the legal cannabis market and ALCE for the years that it supported and allowed an unlicensed and illegal cannabis dispensary to operate, to deceive consumers by promoting and advertising in interstate commerce, and to sell and distribute illegal cannabis products.

131.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by the Dreamland U Street Dispensary.  The 2001 14th Property Owner materially contributed to the Dreamland U Street Dispensary's deception of consumers as to being a legal dispensary selling cannabis that was legal under DC laws.  Without the material participation of the 2001 14th Property Owner in leasing its commercial space to the Dreamland U Street Dispensary the illegal cannabis sales would not have been made.

**K.  3236 Prospect Property Owner – District Georgetown Dispensary**

132.    Defendant Benemax LLC ("3236 Prospect Property Owner") leases its commercial space to Defendant Aksom LLC who owns and operates two unlicensed and illegal cannabis

dispensaries in the District of Columbia, including the District Georgetown Dispensary at 3236 Prospect Street NW, Washington, DC 20007.

133.    The 3236 Prospect Property Owner intentionally leased its commercial space for the sale of illegal cannabis. The 3236 Prospect Property Owner was aware that its tenant was operating as an unlicensed and illegal cannabis dispensary.  The front storefront window contained illuminated signs on the front of the building including "Smoke Shop" at the top of the building and a large flag with marijuana plant image flying from high up on the building to attract attention. Inside the dispensary it is apparent that its only purpose is to sell cannabis.  Despite awareness as to the illegal activities, the property owner never required the tenant to obtain a cannabis license from ABCA.  The 3236 Prospect Property Owner pursued the use of its property to serve as an illegal cannabis dispensary.

134.    The 3236 Prospect Property Owner never filed for a Certificate of Occupancy in order to conceal from government authorities the illegal business purpose of the District Georgetown Dispensary to operate there.  In fact, the last CO on the property (CO2002763) issued July 27, 2020, was for the property to be used  for General Office Space.  The 3236 Prospect Property Owner never even required its tenant to obtain a basic business licensed to operate any type of business on its property.  The precise date as to when the 3236 Prospect Property Owner began leasing its property to be used as an unlicensed cannabis dispensary cannot be determined at this time, but it may extend back to December 2, 2021, when the 3236 Prospect Property Owner filed to change its CO but failed to follow-up when the Zoning Office requested additional information.

135.    Neither the District Georgetown Dispensary nor the Other District Tobacco have (or ever had) a cannabis retailer license issued by ABCA. It has at all times operated as an unlicensed,

42

illegal dispensary selling illegal cannabis flower and cannabis products. None of the cannabis flower and products sold by the District Georgetown Dispensary were cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis flower and other cannabis products that it sold was illegal and was obtained from illegal sources.

136.    The 3236 Prospect Property Owner never investigated or conducted any meaningful due diligence review of the District Georgetown Dispensary before entering into a lease because it knew that District Georgetown Dispensary was involved in the sale of illegal cannabis.  The 3236 Prospect Property Owner never took any other action to determine if the District Georgetown Dispensary had any legitimate (legal) business purpose; to the contrary, the 3236 Prospect Property Owner pursued the lessee to use the space to operate an illegal cannabis dispensary.

137.    The District Georgetown Dispensary falsely promoted itself and advertised in interstate commerce through its use of social media ( Instagram(@districtsmokeandcigars), internet postings and ads (Giftly, Roadtrippers, MapQuest, Georgetowndc, Google Search, etc.), and internet guides to illegal dispensaries (Yelp).   It used the internet to deceive consumers by misrepresenting its legal status and by further advertising the illegal cannabis it sold as being legal in the District of Columbia.

138.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like the District Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

139.    On May 23, 2024, ABCA issued a warning letter to the 3236 Prospect Property Owner, the District Georgetown Dispensary and Defendant Ahmad Ghouse Loynab (the owner of the

District Georgetown Dispensary) stating that ABCA's investigator on May 23, 2024 "observed unlicensed and illegal cannabis operations in violation of Chapter 16B of title 7 of the D.C. Official Code and D.C. Official Code §48-904.01", including "Illegally selling cannabis or knowingly engaging or attempting to engage in the purchase, sale, exchange, or delivery cannabis (D.C. Official Code §§7-1671.08(f), 48-904.01(a)(1)(B))"…and "Illegally displaying advertising or signs related to the price of cannabis; displaying cannabis advertisements on the exterior of a window or interior of any door; or making cannabis; or making cannabis advertisements visible to persons on public or private space outside the premises (D.C. Official Code §7-1671.06b( e)."

140.    ABCA's May 23, 2024 warning letter concluded by stating:

> Please note that the issuance of this warning letter does not protect you from prosecution by other federal or District law enforcement agencies or from any lawsuits that may be filed by private actors against you.  Therefore, you are putting yourself at risk if you continue to engage in this illegal conduct or continue to allow it to occur.

141.    The 3236 Prospect Property Owner, the District Georgetown Dispensary and Defendant Loynab all ignored ABCA's May 23, 2024 warning letter and continued to harm the legal cannabis market by their continued sales of illegal cannabis properties from this property.

142.    On September 3, 2024, Plaintiff investigated the District Georgetown Dispensary and observed the continuing display and sale of illegal cannabis.

143.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by the District Georgetown Dispensary.  The 3236 Prospect Property Owner materially contributed to the District Georgetown Dispensary's deception of consumers as to being a legal dispensary selling cannabis that was legal under DC laws.  Without the material participation of the 3236 Prospect Property Owner in leasing its

commercial space to the District Georgetown Dispensary the illegal cannabis sales would not have been made.

### L.  900 M Property Owner – District Downtown Dispensary

144.    Defendant Charles Russell Properties LLC ("900 M Property Owner") leases its commercial space to Defendant Aksom LLC who owns and operates its second unlicensed and illegal cannabis dispensary in the District of Columbia ("District Downtown Dispensary") at 900 M Street NW, Washington, DC 20001.

145.    The 900 M Property Owner  has been leasing its property to be used by the District Downtown Dispensary since at least August 1, 2021 which is the date of the general business license issued to the District Downtown Dispensary (400321002474) at this location.  Also, on August 13, 2021, a Certificate of Occupancy (CO2100451) was issued on the property for its use as a "Retail Tobacco Store".  Both the property owner and the dispensary sought to conceal from governmental authorities that the property was to be used to sell illegal cannabis products. Although the front windows of the unlicensed dispensary contain illuminated "Green Cross" and "CBD" signs.  There is a sidewalk banner with marijuana plant and mushroom images and a statement that the store was I-71 and I-81 compliant.  Also, there is an A-frame sign on the sidewalk announces that the dispensary sells both cannabis and mushrooms. It was obvious that inside the store, cannabis and magic mushroom were being sold.

146.    Neither the District Downtown Dispensary nor the Other District Tobacco have (or ever had) a cannabis retailer license issued by ABCA. It has at all times operated as an illegal dispensary selling illegal cannabis flower and other cannabis products. None of the cannabis sold by this dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia or otherwise authorized by ABCA; consequently cannabis flower and other

cannabis products (including hemp-derived cannabis products) that it sold was unauthorized and was obtained from unauthorized sources.

147.     The 900 M Property Owner never investigated or conducted any meaningful due diligence review of the District Downtown Dispensary before entering into a lease (or approving a sublease) because it knew that this dispensary was involved in the sale of unauthorized hemp-derived cannabis.  The glass counters in the dispensary display a variety of cannabis flower and other cannabis products.  The 900 M Property Owner never took any other action to determine if the District Downtown Dispensary had any legitimate business purpose.

148.     The District Downtown Dispensary falsely promotes itself and advertises in interstate commerce through its use of social media (Instagram(@districttobacco), Tik Tok (@districttobaccodc)),   internet ads and postings (Google Search, MapQuest), and paid weed guide sites (Yelp, Smokeshops.com, Smoeopedia.com, Cannapages.com, Roadtripper, etc.) and Toker's Guide.  Some of these cannabis products are packaged to like nationally known brands of on-cannabis consumer goods, e.g., Chips Alloy cookies, Almond Joy, Milky Way, and Three Musketeer candy bars, except the items in the dispensary are infused with cannabis oil.  The District Downtown Dispensary uses the internet to deceive consumers regarding the legal status of the dispensary and the legality of the cannabis it sells, and further misrepresents the nature, characteristics, qualities and origin of the cannabis it sells consumers.

149.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like District Downtown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

150.     On February 3, 2024, Plaintiff investigated the District Downtown Dispensary and observed the display of a wide variety of illegal cannabis products and the sale of such products

to customers. An employee of the dispensary misrepresented that the dispensary was licensed in DC to sell illegal cannabis products.

151.    On September 5, 2024, Plaintiff investigated the District Downtown Dispensary again and observed the display and sale of illegal cannabis products.

152.    The legal cannabis market in DC and ALCE suffered damages as a result of lost commercial sales that were instead made by the District Downtown Dispensary.  The 900 M Property Owner materially contributed to the District Downtown Dispensary's deception of consumers as to being a legal dispensary selling cannabis that was legal under DC laws.  Without the material participation of the 900 M Property Owner in leasing its commercial space to the District Downtown Dispensary the illegal cannabis sales would not have been made.

### M.  Defendant Loynab

153.    Defendant Ahmad Ghouse Loynab ("Loynab") is the only listed member of  Defendant Aksom LLC ("District Georgetown Dispensary" and "District Downtown Dispensary") which on information and belief is a single member LLC, and he is also the sole or majority shareholder in the closely held Defendant District Tobacco Inc. ("Other District Tobacco").  Mr. Loynab is directly responsible for the operations of both illegal dispensaries and Other District Tobacco.

154.    The District Georgetown Dispensary, District Downtown Dispensary and are business conduits for Defendant Loynab.  Mr. Loynab is a Virginia Resident who actively manages and is responsible for the operation of two unlicensed dispensaries that sell cannabis products that are illegal under DC laws.

155.    There is a commingling of business records among Defendant Aksom LLC's two unlicensed cannabis dispensaries and Defendant Loynab.  No corporate veil should exist to insulate Defendant Loynab from the liability of Aksom LLC and District Tobacco Inc.

### N.  2801 M Property Owner – Funky Georgetown Dispensary and Vape Georgetown Dispensary

156.    Defendant 23 Bond – 2801 M Street Owner LLC ("2801 M Property Owner") leases its

commercial space in the basement of its property to Defendant FunkyPiece Georgetown Corp.

("Funky Georgetown Dispensary") and (ii) also leases commercial space on its first floor to

Defendant Safee LLC ("Vape Georgetown Dispensary").  Funky Georgetown Dispensary and

Vape Georgetown Dispensary each operates a separate unlicensed and illegal cannabis

dispensary at that this property.  Both unlicensed dispensaries display A-frame signs on the

sidewalk signaling the sale of cannabis inside.  The Vape Georgetown Dispensary's sign states it

is a "One Stop Vape" Shop.  Inside both dispensaries openly display a wide assortment of illegal

cannabis products for sale.

157.    The 2801 M Property Owner intentionally leased its commercial space for the sale of

unauthorized and illegal cannabis flower and other cannabis products.  A Certificate of

Occupancy for "Retail Vape Shop" (CO1902948) was issued on June 24, 2019 for the

commercial space leased to the Vape Georgetown Dispensary. ( A retail vape shop is a general

designation like a cigarette or cigar shop and does not in any way authorize the sale of illegal

cannabis vaporizers filled with cannabis oil or distillate ). On April 30, 2021, a Certificate of

Occupancy for "Retal Tobacco Shop" (CO2101955) was issued for the commercial space leased

to the Funky Georgetown Dispensary.  A general Cigarette Retail license (410321000029) was

issued on May 1, 2021 to the Vape Georgetown Dispensary.  Both the property owner and the

illegal dispensaries concealed from the governmental authorities their intent to allow unlicensed

and illegal sales of cannabis and cannabis products on the property.

158.    Neither the Vape Georgetown Dispensary nor the Funky Georgetown Dispensary have

nor have either ever had a cannabis retailer license issued by ABCA.  At all times they both have

operated as illegal dispensaries selling unauthorized and illegal cannabis. None of the cannabis

flower and other cannabis products sold by these dispensaries were or are cultivated or

manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently

all cannabis that sold from this location by either dispensary were not authorized under the laws

of the District of Columbia, was illegal and obtained from illegal sources.

159.    The 2801 M Property Owner never investigated or conducted any meaningful due

diligence review of either the Vape Georgetown Dispensary or the Funky Georgetown

Dispensary before entering into a lease with either dispensary because it knew that these

dispensaries were not licensed and would be involved in the sale of illegal cannabis.  The 2801

M Property Owner never took any other action to determine if the Vape Georgetown Dispensary

or the Funky Georgetown Dispensary had any legitimate (legal) business purpose.

160.    The Vape Georgetown Dispensary falsely promotes itself and advertises in interstate

commerce through its use of the internet (Google, Yelp, Vaporsearchusa.com, Meganug.com,

etc.).  It represents itself as a legal, licensed cannabis dispensary and it further represents that is

only selling cannabis products that are legal in DC.  These representations both online and in its

store are false and are made with the intent to deceive consumers and unfairly compete against

legal cannabis market in DC.

161.    On August 29, 2024, Plaintiff investigated the Vape Georgetown Dispensary and

observed the display and sale of cannabis flower and other cannabis products.

162.     The Funky Georgetown Dispensary also falsely promotes itself and advertises in

interstate commerce through its use of social media (Facebook (funkypiecesmoke shop),

Instagram), paid guide sites for illegal dispensaries (Yelp), various internet ads and postings

(MapQuest, Shop8nearme.com, Shopinthedistrict.com), and its own website

(www.funkypiece.com). On its website it claims that it operates legally as an I-71 compliant

"gifting" shop and thus falsely advertises and promotes itself in interstate commerce as a legal

cannabis dispensary.

> Since Initiative -71 passed DC years ago, the cannabis business has been
> booming and we are growing along with it.  We have been a staple in DC
> and surrounding areas for the past 4 years, supplying customers with glass,
> smoking accessories, and "gifts".
> ***
> Another goal of ours is to help educate local residents as well as tourists
>  about the weed laws in DC and will provide a helping hand to those looking to
> find gifts such as flower and pre-rolls.
> ***
> Our location at 2801 M Street is centrally located and is close to George
> Washington University and Georgetown University, as well as notable places
> in Georgetown such as the infamous and luxurious Four Seasons Hotel.

163.     The Funky Georgetown Dispensary intentionally misrepresents DC laws to the public

both in its shop and on the internet in interstate commerce to deceive consumers and attempt to

gain a competitive advantage by claiming to be operating legally in DC and selling legal

cannabis. Its representation to be I-71 compliant is itself considered by ABCA to be false

advertising in violation of  DC Code §7-1671.06(c-1).

164.     On its website, the Funky Georgetown Dispensary offers more than 100 illegal cannabis

products (CDB, Delta 9 THC and others), including tinctures, flower, cartridges, edibles (infused

drinks, gummies, etc.), and vapes. Additionally, all these products are available for online

ordering and shipping in interstate commerce off of its website. The Funky Georgetown

Dispensary uses its website to deceive consumers that its cannabis flower and products are legal

in DC and can be legally purchased from the dispensary online in interstate commerce and

legally shipped anywhere in the United States,  as well as misrepresenting the nature ,

characteristics, qualities and origin of the cannabis it sells consumers.

165.    None of the cannabis products on the Funky Georgetown Dispensary's website could even be sold by licensed dispensaries because they are illegal in the District of Columbia and they are not cultivated and manufactured by licensed cultivators and manufacturers in DC as required by DC law.

166.    On August 29, 2024, Plaintiff investigated the Funky Georgetown Dispensary and observed the display and sale of illegal cannabis products.

167.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Funky Georgetown Dispensary and Vape Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

168.    The legal cannabis market in DC and ALCE suffered damages as a result of lost commercial sales that were instead made by the Funky Georgetown Dispensary and Vape Georgetown Dispensary.  The 2801 M Property Owner materially contributed to the Funky Georgetown Dispensary and Vape Georgetown Dispensary's deception of consumers as to being legal dispensaries selling cannabis that was legal under DC laws.  Without the material participation of the 2801 M Property Owner in leasing its commercial space to the Funky Georgetown Dispensary and Vape Georgetown Dispensary the illegal cannabis sales would not have been made.

**O**. **2116 18th Property Owner – Funky Adams Morgan Dispensary**

169.    Defendant Stephen Maged Trustee ("2116 18th Property Owner") leases its commercial space to Defendant FunkyPiece Co. ("Funky Adams Morgan Dispensary") who operates an illegal cannabis dispensary at that location.

170.    The 2116 18th Property Owner intentionally leased its commercial space for the sale of illegal cannabis flower and other cannabis products.  The property owner never sought a

Certificate of Occupancy for the lease of space to the illegal dispensary but internet postings and online statements by the Funky Adams Morgan Dispensary make clear that it has been operating at this location since October, 2016. The Funky Adams Morgan Dispensary's website states:

> Fast forward to October, 2016 and the first Funky Pierce retail store opened in Adams Morgan neighborhood of Washington, DC. We enjoyed being a staple in the community and since then opened two more locations in the DC Metro area. Over the years we've added thousands of quality smoking products to our physical shelves and online store. Online customers can expect fast shipping and the same unbeatable customer support.

171.    Walking by the Funky Piece Dispensary is enough to know that cannabis is being sold inside. There is an A-sign on the sidewalk announcing the sale of cannabis products; advertising on the storefront window states that this is a SMOKE SHOP and that VAPES and CBD are sold here; and there is also an illuminated Green Cross sign in the front as well. The 2116 18th Property Owner was motivated to lease this space for an illegal dispensary in order to obtain higher lease rates and that it was fully aware that the intended activity was illegal and it knew the consequences of its actions.

172.    The Funky Adams Morgan Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. At all times that the Funky Adams Morgan Dispensary was a tenant here, it operated as an unlicensed and illegal dispensary selling illegal cannabis and cannabis products. None of the cannabis and cannabis products sold by this dispensary were cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was unauthorized and illegal since it was obtained from unknown illegal sources in other states and foreign countries.

173.    The Funky Adams Morgan Dispensary falsely promotes itself and advertises in interstate commerce through its use of social media (Instagram(@funkypiece), Facebook (Funky Piece Smoke Shop), internet posting and weed guides (Yelp, MapQuest, Fivestars.com), and the use of its own website (www.funkypiece.com) that is shares with other illegal dispensaries in its 3-store chain. The effect of the Funky Adams Morgan Dispensary's use of the internet is to deceive consumers by promoting itself and its products as being legally authorized in the District of Columbia to sell cannabis and that the cannabis itself is also legal in DC.  Its false claim to be I-71 Compliant is another attempt to deceive consumers as to its legal status.

174.    On February 5, 2024, Plaintiff investigated the Funky Adams Morgan Dispensary and observed the display of both THC and CBD cannabis products and the sale of THC pre-rolls. Although on the internet the Funky Adams Morgan Dispensary claims to be a "gifting" shop, there was no discussion of this charade inside the dispensary.

175.    On September 5, 2024, Plaintiff investigated the Funky Adams Morgan Dispensary a second time and observed the more discreet display of its illegal cannabis products but nothing was stopping its continued sale of illegal cannabis. The employee explained the types and size of cannabis pre-rolls the store had for sale and he also displayed several disposable cannabis vapes the store carried.

176.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Funky Adams Morgan Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

177.    The legal cannabis market in DC and ALCE suffered damages as a result of lost commercial sales that were instead made by the Funky Adams Morgan Dispensary.  The 2116 18th Property Owner materially contributed to the Funky Adams Morgan Dispensary's deception

of consumers as to being legal dispensaries selling cannabis that was legal under DC laws. Without the material participation of the 2116 18th Property Owner in leasing its commercial space to the Funky Adams Morgan Dispensary the illegal cannabis sales would not have been made.

### P. Defendant Bebawy

178.    Defendant Matthew Bebawy ("Bebawy") is the only shareholder of  Defendant Funky Georgetown Corp. ("Funky Georgetown Dispensary") and Defendant Funky Piece Co. ("Funky Adams Morgan Dispensary"), and he directs and controls the operation of both illegal dispensaries and their online interstate marketing platform.

179.    The District Georgetown Dispensary and District Downtown Dispensary are business conduits for Defendant Bebawy.  Mr. Bebawy is a resident of the District of Columbia.

180.    There is a commingling of business records among Defendant FunkyPiece Georgetown Corp. ("Funky Georgetown Dispensary") and Defendant FunkyPierce Co. ("Funky Adams Morgan Dispensary") and Defendant Bebawy.  No corporate veil should exist to insulate Mr. Bebawy from the liability of Defendants FunkyPiece Georgetown Corp. and FunkyPiece Co.

## COUNT I – LIABILITY FOR UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT

181.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 180 above.

182.    Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) provides:

(a) Civil Action:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or in any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B)  in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

  shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

183.    Defendants Dreams 2 Limited Liability Company ("Dreams DuPont Circle Dispensary"), UpNSmoke IV, LLC ("UpNSmoke Georgetown Dispensary"), Masterminds 303 LLC  t/a UpNSmoke ("UpNSmoke Adams Morgan Dispensary"),  Reach The Sky, Inc. t/a Georgetown Smoke Shop ("Waterfront Georgetown Dispensary"),  Aksom LLC t/a District Tobacco ("District Georgetown Dispensary" and "District Downtown Dispensary"), District Tobacco Inc. ("Other District Tobacco"), Safee LLC t/a Vape Town ("Vape Georgetown Dispensary"), FunkyPiece Georgetown Corp. ("Funky Georgetown Dispensary"), FunkyPiece Co. ("Funky Adams Morgan Dispensary") (hereinafter referred to as "Ten Illegal Dispensary-Defendants")[3] engaged in unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act against legal, licensed cannabis cultivators, manufacturers and dispensaries in the District of Columbia represented by ALCE.

184.    Each of the Ten Illegal Dispensary-Defendants falsely claim or represent in interstate commerce that the "origin" of the cannabis it sells (or sold) is cultivated or manufactured in the District of Columbia by licensed cultivators and/or manufactured since those licensees are the only source of legal cannabis under the laws of the District of Columbia.  None of the cannabis

---

[3] There are nine defendants listed but as explained in the Complaint, one defendant operates two illegal dispensaries (Aksom LLC) and another (District Tobacco Inc.) either has none or shares in the operation of the illegal dispensaries listed under Aksom LLC.

sold by any of the Ten Illegal Dispensaries had as its "origin" any of the licensed cultivators and/or manufacturers in the District of Columbia. These false or misleading representations as to the "origin" of the cannabis sold by the Ten Illegal Dispensary-Defendants violate Section 43(a)(1) of the Lanham Act.

185.    Each of the Ten Illegal Dispensary-Defendants falsely describe or give false or misleading representations in interstate commerce as to the cannabis they sell (sold) "to cause confusion, or to cause mistake, or to deceive" consumers "as to the origin, sponsorship, or approval" of the District of Columbia Government (through ABCA) in violation of Section 43(a)(1)(A) of the Lanham Act.

186.    Each of the Ten Illegal Dispensary-Defendants falsely describe or make false or misleading descriptions of facts or false or misleading representations of fact in interstate commerce as to their own legal status to sell cannabis in the District of Columbia "to cause confusion, or to cause mistake, or to deceive" consumers as to the unlicensed dispensary's "affiliation, connection, or association … as to the origin, sponsorship, or approval of his or her goods, services, or commercial  activities" by licensed dispensaries in violation of Section 43(a)(1)(A) of the Lanham Act.

187.    Each of the Ten Illegal Dispensary-Defendants operate or operated in the past several years an illegal cannabis dispensary selling illegal cannabis flower and other cannabis products while simultaneously misrepresenting to customers (both in person and on the internet) that they were legally licensed or legally authorized in the District of Columbia to sell cannabis.  These misrepresentations were made to deceive consumers to gain an unfair competitive advantage over licensed dispensaries who sold legal cannabis from licensed cultivators and manufacturers.

188.    Each of the Ten Illegal Dispensary-Defendants used the internet to deceive consumers in interstate commerce as to their legal status by claiming they were licensed or "i-71 compliant" or otherwise legally authorized to operate as a cannabis shop or dispensary and to sell or "gift" cannabis to consumers in accordance with the laws of the District of Columbia.

189.    Without such misrepresentations and deceptions aimed at consumers, none of the Ten Illegal Dispensary-Defendants would have been able to make inroads into the legal cannabis market in the District of Columbia.

190.    Each of the Ten Illegal Dispensary-Defendants deceived consumers (both in person and on the internet) by representing that the cannabis flower and other cannabis products they sold were legal in the District of Columbia.

191.    None of the cannabis flower and other cannabis products sold by the Ten Illegal Dispensary-Defendants in their stores, listed on their websites, or sold online was legal under the laws of the District of Columbia.

192.    Each of the Ten Illegal Dispensary-Defendants sells illegal cannabis that is deceptively packaged as a premium product to deceive consumers to gain an unfair competitive advantage over legal dispensaries who are prohibited from purchasing and selling illegal cannabis.

193.    Each of the Ten Illegal Dispensary-Defendants deceived consumers into purchasing cannabis that is illegal under the laws of the District of Columbia.

194.    Some of the Ten Illegal Dispensary-Defendants also sell "magic mushrooms" (the common street name for the "psilocybin" found in entheogenic plants and fungi) and magic mushroom products like chocolates as a substitutable product for cannabis.  These dispensaries represent the magic mushrooms and products they sell as being legal in DC and only available as premium products available at certain (albeit illegal) dispensaries.  These representations are

false and are intended to deceive consumers to encourage their shopping with the illegal dispensary.

195.    Commercial sales of illegal cannabis by these illegal dispensaries competed with commercial sales of legal cannabis by legal, licensed dispensaries in the District of Columbia and diverted sales from legal cannabis market, causing commercial injury to licensed cultivators, manufacturers, and dispensaries represented by ALCE.

196.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits (trebled) of each of the Ten Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary (or its predecessor-in-interest) began operations, through the date of judgment in this case (or the date of its complete cessation of illegal cannabis sales), plus interest, for violation of the Lanham Act for unfair competition.

197.    Defendants who, as property owners, received a percentage of revenues from illegal cannabis sales as partial compensation for their risk in leasing to illegal cannabis dispensaries, are jointly and severally liable with the Illegal Dispensary-Defendant they leased to.

**COUNT II – LIABILITY FOR CONTRIBUTORY UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT**

198.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 197 above.

199.    Defendants Mallios Realty, LLC ("Mallios Realty"), Peter Mallios ("Mallios"), Champlain Associates LLC ("2503 Champlain Property Owner"), 501 School Associates LLP ("3289 M Property Owner"), 2318 18th Street LLC ("2318 18th Property Owner), Mallios Properties LLC ("1529 17th Property Owner"), Niobium LLC ("1015 31st Property Owner"), Thomas G. Tsianakas, and Ioanna Stagia-Tsianakas ("2001 14th Property Owners"), Benemax

LLC ("3236 Prospect Property Owner"), Charles Russell Properties LLC ("900 M Street Property Owner"), 23 Bond – 2801 M Street Owner LLC ("2801 M Property Owner"), and Stephen Maged Trustee ("2116 18th Property Owner")(hereinafter referred to as "Twelve Property Owner-Defendants) are each liable for contributory unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act.

200.    Each of the Twelve Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed such illegal dispensaries to falsely claim or represent that they were legal or licensed cannabis dispensaries in a manner "likely to cause confusion, or to cause mistake, or to deceive" consumers as to the legal status in the District of Columbia of the unlicensed dispensaries in violation of Section 43(a)(1)(A) of the Lanham Act.

201.    Each of the Twelve Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed the use of the commercial space and the address of such commercial space to be used to sell illegal cannabis which was  "likely to cause confusion, or to cause mistake, or to deceive" consumers  "as to the origin, sponsorship, or approval of" this illegal cannabis, or the legality of the other related services offered by unlicensed dispensaries, including access to credit or debit cards, and shipping and delivery of illegal cannabis in interstate commerce.

202.    Each of the Twelve Property Owner-Defendants materially participated in the establishment and operation of one or more of the ten illegal dispensary-defendants by leasing commercial space to them for the sale of illegal cannabis flower and other cannabis products. These defendants materially participated with the illegal dispensary-defendants in violation of Section 43(a)(1)(A).

203.   Each of the Twelve Property Owner-Defendants leased space in commercial properties they owned to unlicensed and illegal cannabis dispensaries.

204.   Each of the Twelve Property Owner-Defendants had knowledge of or had reason to know that the ten illegal dispensary-defendants were unlicensed and sold illegal cannabis flower and other cannabis products at their respective leased locations.

205.   Each of the Twelve Property Owner-Defendants was aware (or should have been aware) that consumers were deceived as to the legal status of the illegal dispensary-defendants, and the legality of the cannabis sold at these illegal dispensaries.

206.   Each of the Twelve Property Owner-Defendants materially contributed to the deception of consumers by providing one or more illegal dispensaries with the appearance of legitimacy by leasing commercial property to the illegal dispensary.

207.   None of the Twelve Property Owner-Defendants required any of the illegal dispensaries to become a legal, licensed dispensary, and only sell cannabis that was legal under the laws of the District of Columbia.

208.   "Willful blindness" of any of  the Twelve Property Owner-Defendants does not excuse their  liability for violation of the Lanham Act for contributory unfair competition.

209.   The actions of each of the Twelve Property Owner-Defendants caused injury to the legal cannabis licensees represented by ALCE in the form of lost revenues diverted from the legal cannabis market to the illegal cannabis market.  Without the participation of these twelve defendants, the illegal cannabis dispensaries would not have been able to operate and sell illegal cannabis.

210.    Each of the Twelve Property Owner-Defendants acted as competitors to the legal cannabis market by their actions in leasing commercial space to illegal dispensaries to compete with the legal market for cannabis sales.

211.    The lease payments received by each of the Twelve Property Owner-Defendants was paid with revenues generated by the sale of illegal cannabis.

212.    Where lease payments to a Property Owner-Defendant included a percentage of revenues from illegal cannabis sales, this additional direct participation as a partner in the illegal sale and distribution of illegal cannabis, requires that Property Owner-Defendant also be held liable as an illegal dispensary.

213.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits and compensation (trebled) of each of the Twelve Property Owner-Defendants from their dealings with the Ten Illegal Dispensary-Defendants from the earlier of (i) three years prior to the filing of this Complaint or (ii) the date the illegal dispensary occupied the space leased from one of the Property Owner-Defendants, through the date of judgment in this case (or the date the illegal dispensary ceased all illegal cannabis sales), plus interest, for violation of the Lanham Act for contributory unfair competition.

**COUNT III – LIABILITY FOR FALSE ADVERTISING AND PROMOTION IN VIOLATION OF LANHAM ACT**

214.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 213 above.

215.    Each of the Ten Illegal Dispensary-Defendants was engaged in false advertising and promotion in violation of Section 43(a)(1)(B) of the Lanham Act.

216.    Each of the Ten Illegal Dispensary-Defendants falsely describe or give false or misleading descriptions of fact or misleading representations of fact in interstate commerce as to

the cannabis they sell.  Each make such misrepresentations on the internet regarding the nature, characteristics, qualities, or geographic origin of the cannabis they sell in violation of Section 43(a)(1)(B) of the Lanham Act.

217.    Each of the Ten Illegal Dispensary-Defendants falsely describes or gives false or misleading descriptions of fact or misleading representations of fact as to the cannabis sold by legal, licensed dispensaries in violation of Section 43(a)(1)(B) of the Lanham Act.

218.    Each of the Ten Illegal Dispensary-Defendants used the internet to falsely advertise and promote themselves in interstate commerce as legal dispensaries in the District of Columbia that sold only cannabis from legal sources.  These claims along with misleading packaging of cannabis products were intended to deceive consumers.

219.    Each  of the Ten Illegal Dispensary-Defendants used the internet to falsely advertise and promote illegal cannabis and illegal dispensaries in interstate commerce.

220.    Each of the Ten Illegal Dispensary-Defendants advertises and promotes in interstate commerce the sale of some type of illegal cannabis, e.g., CBD, THC, hemp-derived, Delta 8, etc.

221.    Advertising claims by the Ten Illegal Dispensary-Defendants that any of these cannabis types are legally sold by an unlicensed retailer in DC are intended to deceive consumers.

222.    Each of the Ten Illegal Dispensary-Defendants sells some nationally marketed cannabis brands as a premium product concealing the fact that all such cannabis products are illegal to sell in DC, and legal, licensed dispensaries are prohibited from selling such products.

223.    Many of the nationally marketed cannabis brands are deceptively packaged with inaccurate potency statements, false claims of  safety or third-party testing, and concealment of the origin of these cannabis products.

224.    Some of the Ten Illegal Dispensary-Defendants also sell cannabis deceptively packaged to look like non-cannabis, national consumer products to deceive consumers, e.g., Nerd Robes, Chips Ahoy, Milky Way, Snickers, Dean & Deluca, Doritos, etc.

225.    Many of the Ten Illegal Dispensary-Defendants offer to deliver illegal cannabis products outside of the District of Columbia into Maryland and Virginia and present such delivery options as being safe and legal.  Legal, licensed dispensaries in DC are prohibited from making deliveries outside the District of Columbia in interstate commerce.

226.    Some of the Ten Illegal Dispensary-Defendants also falsely advertise and promote the sale on their websites of "magic" mushrooms that they also represent as being legal in DC to deceive consumers.  Legal, licensed cannabis dispensaries are prohibited from selling such products.

227.    Each of the Ten Illegal Dispensary-Defendants has (or had) an internet presence that they used in interstate commerce to deceive consumers about the cannabis being advertised for sale.

228.    Each of the Ten Illegal Dispensary-Defendants has or had websites promoting the sale at their leased locations and online of illegal cannabis flower and other cannabis products that they falsely represented to be legal in the District of Columbia, laboratory tested and high quality.

229.    Each of the Ten Illegal Dispensary-Defendants falsely advertised and falsely promoted in interstate commerce claims intended to deceive consumers as to the legal status of the different cannabis products and the legal status of the unlicensed dispensary itself.

230.    Each of the Ten Illegal Dispensary-Defendants concealed from consumers the fact that they were not licensed by ABCA and used the internet to advertise and promote itself as operating as a legal dispensary.

231.    None of the cannabis sold by any of the Ten Illegal Dispensary can be legally sold by any licensed cannabis retailer in DC because licensed dispensaries are prohibited from selling cannabis flower and other cannabis products that are not cultivated and manufactured by licensed cultivators and manufacturers in DC.

232.    False claims as to the legality and nature of the illegal cannabis sold by the Ten Illegal Dispensary-Defendants reduced commercial sales in the legal cannabis market in the District of Columbia and caused damage to the licensed cultivator, manufacturers and dispensaries represented by ALCE.

233.    In accordance with 15 U.S.C. §1117, Plaintiff  seeks damages equal to the profits (trebled) of each of the Ten Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary (or its predecessor-in-interest) began operations, through the date of judgment in this case (or the date of its complete cessation of illegal cannabis sales), plus interest, for violation of the Lanham Act for false advertising and false promotion.

**COUNT IV – LIABILITY FOR CONTRIBUTORY FALSE ADVERTISING AND PROMOTION IN VIOLATION OF LANHAM ACT**

234.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 233 above.

235.    Each of the Twelve Property Owner-Defendants is liable for violation of Section 43(a)(1)(B) of the Lanham Act for contributory false advertising and promotion.

236.    Each of the Twelve Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed such illegal dispensaries to advertise and promote in interstate commerce their presence and the sale of illegal cannabis at that location which allowed

the misrepresentation of the nature, characteristics, qualities, or geographic origin of the cannabis sold by the illegal dispensaries in violation of Section 43(a)(1)(B) of the Lanham Act.

237.    Each of the Twelve Property Owner-Defendants also permitted their property to be used to advertise or promote in interstate commerce the sale of illegal cannabis in DC with signage of illegal cannabis sales attached to the building property and photos of the building and signage posted on the internet, along with direction to the property in violation of Section 43(a)(1)(B) of the Lanham Act.

238.    Each of the Twelve Property Owner-Defendants had knowledge of or had reason to know that the Ten Illegal Dispensary-Defendants was making false advertising claims and falsely promoting the sale of illegal cannabis flower and other cannabis products on the internet from their leased premises.  These defendants materially participated in the illegal dispensary-defendants' violations of the Lanham Act Section 43(a)(1)(B).

239.    "Willful blindness" of these twelve defendants does not excuse their liability for violation of the Lanham Act for contributory false advertising and promotion.

240.    Each of the Twelve Property Owner-Defendants signed (or was responsible for signing leases) with the ten illegal dispensary-defendants.  They entered into these leases with knowledge that the lease payments made to them would be based on the sale of illegal cannabis flower and other cannabis products falsely advertised and falsely promoted by the ten illegal dispensary-defendants.

241.    Each of the Twelve Property Owner-Defendants caused injury to the legal market by intentionally leasing to illegal dispensaries that they knew or should have known were selling illegal cannabis, diverting sales from the legal cannabis market, and causing damage to the licensed cultivators, manufacturers and dispensaries represented by ALCE.

242.    Each of the Twelve Property Owner-Defendants had access to the leased premises that displayed hundreds of illegal cannabis and cannabis products that were being falsely advertised and promoted on the internet with the support of the Twelve Property Owner-Defendants. Without the knowing involvement and participation of these twelve defendants, the illegal dispensaries would not have been able to operate by falsely advertising and promoting in interstate commerce illegal cannabis and cannabis products from the leased premises.

243.    None of the Twelve Property Owner-Defendants ever required as a condition of the lease that the illegal dispensary obtain a legal cannabis license or to take action to stop the sale of illegal cannabis from the leased premises  or to discontinue advertising in  interstate commerce the availability of illegal cannabis for sale at the leased premises.

244.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits and any other compensation (trebled) received by the Twelve Property Owner-Defendants from the Ten Illegal Dispensary-Defendants from the earlier of (1) three years prior to the date of the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date of complete cessation of illegal cannabis sales from the leased premises), plus interest, for violation of the Lanham Act for contributory false advertising and false promotion.

## COUNT V – VIOLATION OF COMMON LAW IN THE DISTRICT OF COLUMBIA FOR UNFAIR COMPETITION AND FALSE ADVERTISING

245.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 244 above.

246.    Common law of Unfair Competition in the District of Columbia recognizes a party's liability to a competitor where the offending party used methods that were themselves independently illegal or where the offending party used false advertising or deceptive packaging.

66

247.    Each of the Ten Illegal Dispensary-Defendants engaged in unfair competition by: (i) selling of cannabis in the District of Columbia without being licensed as a cannabis retailer by ABCA; (ii) selling illegal cannabis flower and other cannabis products not cultivated or manufactured by licensed cultivators and manufacturers in DC; (iii) falsely advertising the cannabis they sold as legal, safe, and from legal sources; and (iv) selling cannabis in deceptive packaging as a premium product that licensed dispensaries cannot sell under the laws of the District of Columbia.

248.    Each of the Twelve Property Owner-Defendants materially participated in the establishment and operation of an illegal cannabis dispensary by leasing commercial space to the illegal dispensaries knowing (or have reason to know) of their intent to sell illegal cannabis flower and other cannabis products.  Also, when a Property Owner-Defendant received a percentage of the illegal dispensaries' revenues from the sale of illegal cannabis, that Property Owner-Defendant itself functioned as an illegal dispensary and is also jointly and severally liable for the damage caused by the illegal dispensary to licensed cultivators, manufacturers and dispensaries represented by ALCE.

249.    The legal cannabis market was injured as a direct result of the unfair competition and false advertising of the illegal dispensaries and the contributory liability of the property owner defendants. The legal cannabis market was injured by the revenues diverted from the sale of legal cannabis and cannabis products in the District of Columbia.

250.    Representing the legal cannabis market in the District of Columbia, ALCE seeks damages from each of the Ten Illegal Dispensary-Defendants and each of the Twelve Property Owner-Defendants  equal to their individual profits and compensation (trebled) resulting from their

illegal unfair competition and false advertising in competing with the legal cannabis market in the District of Columbia.

## COUNT VI – LIABILITY OF ILLEGAL DISPENSARY-DEFENDANTS FOR NEGLIGENCE IN SELLING ILLEGAL CANNABIS

251.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 250 above.

252.    The Ten Illegal Dispensary-Defendants owed a duty of care to the legal cannabis market (composed of the licensed cultivators, manufacturers, and retailers represented by ALCE) in the District of Columbia to obtain a cannabis retailer license from ABCA before selling any cannabis flower and other cannabis products in the District of Columbia.

253.    Foreseeability of  injury to the legal cannabis market is apparent where a party engages in the illegal sale of illegal cannabis and ignores the laws in the District of Columbia regarding the cultivation and manufacturing of cannabis flower and other cannabis products and the retail sale of legal cannabis.  If a party is not licensed to sell cannabis flower and other cannabis products to the public in the District of Columbia then it is not authorized to purchased legally cultivated cannabis flower and other legally manufactured cannabis products.  In selling illegal cannabis flower and other cannabis products it is foreseeable that the legal cannabis market would be injured by the diversion of revenues and profits to the illegal cannabis market.

254.    The Ten Illegal Dispensary-Defendants breached their duty of care to the legal cannabis market in the District of Columbia in failing to become licensed and in selling illegal cannabis flower and other cannabis products to the public in the District of Columbia.

255.    The breach of their respective duties of care by these defendants is the proximate cause for the legal cannabis market's injury.  These defendants knew or should have known that their actions would cause injury to the legal cannabis market in the District of Columbia.

256.   The legal cannabis market was injured by the Ten Illegal Dispensary-Defendants' breach of their duty of care by the diversion of revenues to the illegal cannabis market. ACLE seeks damages equal to the revenues received by each of these defendants from the sale of illegal cannabis and cannabis products.

## COUNT VII – LIABILITY OF PROPERTY OWNER-DEFENDANTS FOR NEGLIGENCE FOR BREACHING THEIR DUTY OF DUE DILIGENCE

257.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 256 above.

258.   Each of the Twelve Property Owner-Defendants owed a duty of care to the legal cannabis market in the District of Columbia to exercise due diligence in the leasing of commercial property so as not to lease to unlicensed cannabis dispensaries selling illegal cannabis.

259.   The foreseeability of injury to the legal cannabis market is apparent where commercial property is leased to unlicensed cannabis dispensaries that have no access to legal cannabis supplies.

260.   The duty of care owed by these defendants to the legal cannabis market required them to engage in due diligence to know their tenants and their proposed use of the premises. The exercise of reasonable due diligence would have prevented leasing of the properties to any of these illegal dispensaries.

261.   Furthermore, at any time after leasing to the illegal dispensaries, the property owner defendants could have easily determined that illegal cannabis was being sold at these storefronts and taken action to close down such illegal operations but chose not to do so.

262.    The storefronts of the illegal dispensaries declare on the outside that they sell cannabis. For example, the UpNSmoke Adams Morgan Dispensary has a large A-Frame sign stating it sells CBD, THC, Vapes and CBN, a large illuminated Green Cross and advertises its website; UpNSmoke Georgetown Dispensary uses a large A-Frame street sign to get the public to use their cell phones to review the cannabis menu online; and Dreams DuPont Circle Dispensary signals it is a cannabis shop with illuminated CBD, Delta 8 and marijuana signs.  All ten unlicensed dispensaries displayed a wide assortment of illegal cannabis flower and other cannabis products for sale.  Even a casual observer would be able to identify any of these dispensaries as selling cannabis—and even a minimal amount of due diligence on behalf of the property owners would have disclosed that these ten dispensaries were unlicensed and operating illegally.

263.    Each of the Twelve Property Owner-Defendants breached their duty of care to the legal cannabis market by failing to exercise due diligence and in leasing to unlicensed dispensaries, and later in continuing to lease to these unlicensed dispensaries.

264.    The breach of their individual respective duties of care by each of the Twelve Property Owner-Defendants is the proximate cause for the loss of commercial cannabis sales by legal cannabis market to the illegal cannabis market. These defendants knew or should have known that their actions would cause a commercial sales injury to the legal cannabis market.

265.    The legal cannabis market was injured by the Twelve Property Owner-Defendants' breach of their duty of care by the diversion of commercial sales from the legal cannabis market to the illegal cannabis market.  ACLE seeks damages equal to the revenues and compensation received by the Twelve Eight Property Owner-Defendants from the Ten Illegal Dispensary-Defendants.

**COUNT VIII – GROSS NEGLIGENCE IN THE WILLFUL OPERATION OF ILLEGAL DISPENSARIES AND SALE OF ILLEGAL CANNABIS**

266.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 265 above.

267.    Each of the Ten Illegal Dispensary-Defendants willfully breached their duty of care to the legal cannabis market by failing to obtain a cannabis retailer license from ABCA and selling illegal cannabis flower and other cannabis products in the District of Columbia.

268.    These defendants demonstrated a reckless disregard for the legal cannabis market by their participation in the illegal cannabis market.  Their willful intent to harm the legal cannabis market involves a heightened degree of negligence constituting gross negligence.

269.    As a consequence of the gross negligence of these ten defendants, ALCE requests punitive damages to be assessed to each of the Ten Illegal Dispensary-Defendants.

**COUNT IX – AIDING AND ABETTING GROSS NEGLIGENCE**

270.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 269 above.

271.    Each of the Twelve Property Owner-Defendants aided and abetted in the gross negligence of the Ten Illegal Dispensary-Defendants.

272.    Each of the Twelve Property Owner-Defendants had knowledge that the Ten Illegal Dispensary-Defendants were not licensed cannabis dispensaries and that they intended to sell illegal cannabis flower and other cannabis products to the public. The Twelve Property Owner-Defendants were motived by their desire to obtain higher lease payments for allowing their properties to be used for illegal activities.

273.    The Twelve Property Owner-Defendants enabled the Ten Illegal Dispensary-Defendants to get established and leased them commercial space to make sales of illegal cannabis in their perpetration of gross negligence in the willful breach of their duties to the legal cannabis market.

274.    But for the lease agreements between the property owners and the illegal dispensaries, the injury to the legal cannabis market in the District of Columbia would not have occurred; consequently there is a direct causation between the material involvement of the Twelve Property Owner-Defendants and the injury to the legal cannabis market.

275.    ACLE requests punitive damages be assessed to each of the Twelve Property Owner-Defendants for their aiding and abetting in the gross  negligence of the Ten Dispensary-Defendants.

**COUNT X – CONSPIRACY BY MALLIOS REALTY, PETER MALLIOS, THREE PROPERTY OWNER-DEFENDANTS AND THE TWO ILLEGAL DISPENSARY-DEFENDANTS TO VIOLATE THE LANHAM ACT AND BREACH THE DUTY OF CARE OWED TO THE LEGAL CANNABIS MARKET IN THE DISTRICT OF COLUMBIA**

276.    Plaintiff incorporates by reference and restates the assertions and allegations in Paragraphs 1 through 275 above.

277.    Defendants Mallios Realty and Peter Mallios ("Mallios") entered into separate agreements with the 2503 Champlain Property Owner, the 3289 M Property Owner, and the 2318 18th Property Owner to find and lease commercial properties to unlicensed and illegal cannabis dispensaries.  These agreements were agreements evidencing a conspiracy between Mallios Realty, Peter Mallios, and each of the Property Owners to enter into lease agreements to allow the sale of illegal cannabis, and false commercial advertising and promotion of these properties in the District of Columbia in violation Sections 41(a)(1)(A) and (B) of the Lanham Act.

72

278.   The brokering agreements between Mallios Realty and Peter Mallios and each of these three Property Owner-Defendants further evidence a conspiracy agreement to breach the duty of care owed by the three Property Owner-Defendants to exercise due diligence in not leasing to illegal cannabis dispensaries.

279.   Defendants Mallios Realty and Peter Mallios conspired with the 2503 Champlain Property Owner, the 3289 M Property Owner, and the 2318 18th Property Owner to breach the Lanham Act and the duty of care owed to the legal cannabis market in DC.  They committed an overt act in furtherance of this conspiracy when they entered into lease agreements with illegal dispensaries.

280.   Defendants Mallios Realty and Peter Mallios entered into separate agreements with UpNSmoke Adams Morgan Dispensary and, UpNSmoke Georgetown Dispensary to materially assist them in finding and leasing commercial space in DC to permit the sale of illegal cannabis and the advertising of the properties as these locations for the sale of illegal cannabis. These agreements were agreements evidencing a conspiracy between Mallios Realty, Peter Mallios, and each of the Illegal Dispensaries to sell illegal cannabis in DC in violation of Sections 41(a)(1)(A) and (B) of the Lanham Act.

281.   The agreements of Defendants Mallios Realty and Peter Mallios to materially assist Defendant UpNsmoke Adams Morgan Dispensary and Defendant UpNSmoke Georgetown Dispensary in finding commercial space, were also agreements to conspire with these same illegal dispensaries to breach their duty of care owed to the legal cannabis market in DC to get a cannabis license and not to sell illegal cannabis.

282.   Defendants Mallios Realty and Peter Mallios conspired with the UpNSmoke Adams Morgan Dispensary and the UpNSmoke Georgetown Dispensary to breach the Lanham Act and

the duty of care owed to the legal cannabis market in DC.  They committed an overt act in furtherance of this conspiracy when the illegal dispensaries entered into lease agreements with Defendant Property Owners.

283.     The legal cannabis market in the District of Columbia represented by ALCE was injured by the conspiracy between Mallios Realty and Peter Mallios and the three Property Owner-Defendants, and the conspiracy between Mallios Realty, Peter Mallios and the two Illegal Dispensary-Defendants in the form of lost commercial sales to the illegal cannabis market.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests a trial on the allegations and liability claims against the defendants for all the following injuries, damages, and costs:

A.      All Defendants be required to pay ALCE their profits and compensation received from or related to the operation of illegal cannabis dispensaries and the commercial sale of illegal cannabis in the District of Columbia for the past 3-year period to the date of judgment, trebled, for violations of the Lanham Act;

B.      All Defendants be required to pay ALCE their profits received from or related to their illegal activities in connection with the commercial sale of illegal cannabis in the District of Columbia during the past 3-year period to the date of judgment for violations of common law unfair competition and false advertising;

C.      Each of the Ten Illegal Dispensary-Defendants (Dreams 2 Limited Liability Company ("Dreams DuPont Circle Dispensary"), UpNSmoke IV, LLC ("UpNSmoke Georgetown Dispensary"), Masterminds 303 LLC  t/a  UpNSmoke ("UpNSmoke Adams Morgan Dispensary"),  Reach The Sky, Inc. t/a Georgetown Smoke Shop ("Waterfront Georgetown

Dispensary"),  Aksom LLC t/a District Tobacco ("District Georgetown Dispensary" and "District Downtown Dispensary"), District Tobacco Inc. ("Other District Tobacco"), Safee LLC t/a Vape Town ("Vape Georgetown Dispensary"), FunkyPiece Georgetown Corp. ("Funky Georgetown Dispensary"), FunkyPiece Co. ("Funky Adams Morgan Dispensary")) be required to pay ALCE damages for their negligence equal to the commercial sales from their illegal sale of illegal cannabis flower and other cannabis products;

D.     Each of the Twelve Property Owner-Defendants (Mallios Realty, LLC ("Mallios Realty"), Peter Mallios, Champlain Associates LLC ("2503 Champlain Property Owner"), 501 School Associates LLP ("3289 M  Property Owner"), 2318 18th Street LLC ("2318 18th Property Owner),  Mallios Properties LLC ("1529 17th Property Owner"), Niobium LLC ("1015 31st Property Owner"), Thomas G. Tsianakas, and Ioanna Stagia-Tsianakas ("2001 14th Property Owners"), Benemax LLC ("3236 Prospect Property Owner"), Charles Russell Properties LLC ("900 M Street Property Owner"), 23 Bond – 2801 M Street Owner LLC ("2801 M Property Owner"), and Stephen Maged Trustee ("2116 18th Property Owner"))  be required to pay ALCE damages for their negligence equal to the revenues and compensation they received from the Ten Illegal Dispensary-Defendants;

E.     Defendants Mallios Realty and Peter Mallios be required to pay ALCE damages for their dominant role in the conspiracy with Defendants Champlain Associates LLC ("2503 Champlain Property Owner"), 501 School Associates LLP ("3289 M Property Owner"), 2318 18th Street LLC ("2318 18th Property Owner"), UpNSmoke IV, LLC ("UpNSmoke Georgetown Dispensary"), and Masterminds 303 LLC ("UpNSmoke Adams Morgan Dispensary") equal to treble the profits and other compensation they received from the property owners and illegal

dispensaries they conspired with to cause damage to the legal cannabis market in DC represented by ALCE.

F.      Each of the Ten Illegal Dispensary-Defendants be required to pay ALCE punitive damages for their gross negligence;

G.      Each of the Twelve Property Owner-Defendants be required to pay ALCE punitive damages for their aiding and abetting the gross negligence of the Ten Illegal Dispensary-Defendants;

H.      Pierce the corporate veil of Defendant Mallios Realty, LLC to hold its owner, Defendant Peter Mallios, jointly and severally liable for damages against Defendant Mallios Realty;

I.      Pierce the corporate veil of Defendant Dreams 2 Limited Liability Company to hold its owner, Defendant Farah Jaohari, jointly and severally liable for damages against Defendant Dreams DuPont Dispensary;

J.      Pierce the corporate veils of Defendants  UpNSmoke IV, LLC ("UpNSmoke Georgetown Dispensary") and Masterminds 303 LLC  t/a  UpNSmoke ("UpNSmoke Adams Morgan Dispensary") to hold their owner, Defendant Hussein Dib, jointly and severally liable for damages against Defendants UpNSmoke Georgetown Dispensary and UpNSmoke Adams Morgan Dispensary.

K.      Pierce the corporate veils of Defendants Aksom LLC ("District Georgetown Dispensary" and "District downtown Dispensary") and District Tobacco Inc. to hold their owner, Defendant Ahmad Ghouse Loynab, jointly and severally liable for damages against Defendants Aksom LLC and District Tobacco Inc.

L.      Pierce the corporate veils of Defendants FunkyPiece Georgetown Corp. ("Funky Georgetown Dispensary") and FunkyPiece Co. ("Funky Adams Morgan Dispensary") to hold

their owner, Defendant Matthew Bebawy, jointly and severally liable for damages against

Defendants FunkyPiece Georgetown Corp. and FunkyPiece Co..

M.      Pre-judgment interest from the date of the damages to the date of judgement;

N.      ALCE's costs of litigation and reasonable attorney fees.

Respectfully submitted,

**ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC**

 /s/ Jon L. Brunenkant

Jon L. Brunenkant
DC Bar No 966630
Brunenkant & Associates, PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, DC 20006

(202) 494-4102
jonbrunenkant@gmail.com

Attorney for Plaintiff Alliance of Legal Cannabis Entities-DC, LLC


September 27, 2024